Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Appellant,

v.

Clarence **SIMPSON**, Appellee.

No. 23074.

United States Court of Appeals
Fifth Circuit.

April 11, 1966.

James G. Mahorner, Asst. Atty. Gen., Earl Faircloth, Atty. Gen., Tallahassee, Fla., for appellant.

Tobias Simon, Miami, Fla., Maurice Rosen, No. Miami Beach, Fla., for appellee.

Before PHILLIPS,* RIVES and COLEMAN, Circuit Judges.

RIVES, Circuit Judge:

In the Circuit Court for Dade County, Florida, a jury found Clarence Simpson guilty of murder in the first degree but recommended mercy. On May 23, 1962 he was sentenced to life imprisonment. He had been represented by counsel chosen originally by his family but appointed by the Court when Simpson and his family became unable to pay. Counsel deliberately failed to move for a new trial or to file a notice of appeal, although he considered that meritorious grounds were present. He further failed to advise Simpson of such grounds or of the jurisdictional time limitations within which a motion for new trial or notice of appeal might be filed.

Some time later Simpson filed a motion for relief under Florida Criminal Rule 1, F.S.A. Ch. 924, app., alleging that he was denied his constitutional right to counsel, in that the court-appointed counsel was incompetent. The State trial court denied his motion without a hearing and the Third District Court of Appeal of Florida affirmed. Simpson v. State, 1964, 164 So.2d 224. He then filed in the federal district court a petition for habeas corpus. After a full hearing, the district court adjudged:

"* * * as a matter of fact and of law that:

"1. This Court has jurisdiction, Fay v. Noia, 372 US 391 [83 S.Ct. 822, 9 L.Ed.2d 837], and Townsend v. Sain, 372 US 293 [83 S.Ct. 745, 9 L.Ed.2d 770].

"2. Petitioner had an absolute right to appeal within the State of Florida, Griffin v. Illinois, 351 US 12 [76 S.Ct. 585, 100 L.Ed. 891].

"3. Petitioner had an absolute right to adequate representation upon that Appeal, Douglas v. California, 372 US 353 [83 S.Ct. 814, 9 L.Ed.2d 811]. See also Commonwealth v. [Sliva] Silva, 415 Pa. [537] 357, 204 Atl. 2d 455. Upon that appeal he was entitled to the effective assistance of counsel; Johnson v. Zerbst, 304 US 458, and Fay v. Noia, op. cit. supra. See also Edge v. Wainwright, C.A. 5 [347 F.2d 190], No. 22202, decided June 8, 1965, not yet reported.

"4. The unauthorized 'waiver' by Petitioner's trial counsel, of Petitioner's rights to invoke all postconviction remedies then available, constituted such a denial of due process of law and of equal protection of law as to this Petitioner, as to now require that he be released or retried."

The district court ordered:

"That the Rule be made Absolute, and this Court's Writ of Habeas Cor-

pus shall issue forthwith, provided however that the Petitioner may be detained within the Respondent's custody for a period of time not to exceed 120 days, upon expiration of which Petitioner shall stand released and discharged unless the State of Florida has elected to grant him, and has then commenced a new trial which if elected shall proceed in conformity with the Constitution of the State of Florida and the Constitution of the United States of America."

An order of this Court entered more than four months before the hearing of this appeal provided:

"Upon application of Appellant, an official of the State of Florida, for a stay of that portion of the Order of the District Court of July 23, 1965, which allots the State 120 days in which to prosecute the Appellee, the stay is GRANTED pending further order of this Court; but the Appellant and the State of Florida must elect whether to proceed with this appeal or with any proposed retrial (including the trial now scheduled to commence November 15, 1965). The Court makes clear that we are not passing upon the merits of the case and the Court will in its final disposition of the case fix the time within which to reprosecute the Appellee if that is appropriate."

The appellant now argues that the district court "had no jurisdiction to rule on the denial of appeal question made the basis for the granting of relief to petitioner-appellee because the statutory requirement that such question be first presented to the Florida courts had not been met." The reference is, of course, to 28 U.S.C.A. § 2254. There are several answers to this contention. The appellant concedes in brief that upon trial he "did not argue that the district court had no jurisdiction to consider the petition." (Appellant's Brief, p. 2.) Accordingly, the district court found that, "The State of Florida agreed that this issue was raised by the application for Habeas Corpus, and at the hearing of this matter did not argue to this Court that said issue was not timely and justiciable or within this Court's jurisdiction to consider." Appellant challenges that finding as contrary to the following paragraph in a memorandum brief filed by the respondent in the district court:

*"The possibility is suggested to this court that the petitioner has never specifically alleged in any state court that his trial counsel negligently failed to prosecute his appeal."*

Such a half-hearted "suggestion" of a "possibility" clearly does not suffice to overcome the district court's finding that there was no reliance on any claimed failure to exhaust state remedies. Further, Simpson's motion under Florida Criminal Rule 1, upon which he was never accorded a hearing, was broad enough to encompass his trial counsel's failure to move for a new trial or to file a notice of appeal. In any event, it is now settled that "the exhaustion principle is a matter of comity, not a matter of jurisdiction." [1]

In Florida, as in Illinois, appellate review has now become an integral part of the state trial system for finally adjudicating the guilt or innocence of a defendant.[2] One appealing from conviction for crime must be represented by counsel if his appeal is to be meaningful.[3] However laudable his motive, court-appointed counsel for Simpson had no authority, without consulting with or obtaining the consent of his client, deliberately to forego Simpson's right to move for a new trial or to appeal.[4] When he did so, counsel proved himself ineffective. More, he completely abdicated his func-

---

1. Whippler v. Balkcom, 5 Cir. 1965, 342 F.2d 388, 390, relying on Fay v. Noia, 1963, 372 U.S. 391, at 426, 83 S.Ct. 822, see also pp. 415–420, 83 S.Ct. 836–838.

2. See Griffin v. People of State of Illinois, 1956, 351 U.S. 12, 18, 76 S.Ct. 585.

3. Douglas v. People of State of California, 1963, 372 U.S. 353, 358, 83 S.Ct. 814; compare Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

4. Fay v. Noia, supra, n. 1, at p. 439, 83 S.Ct. 822; Whitus v. Balkcom, 5 Cir. 1964, 333 F.2d 496, 501.

tion and deprived Simpson of the aid of any counsel at a critical stage of the criminal proceeding.[5]

 Thus the absence of aid of counsel has deprived Simpson of his right to move for a new trial and to appeal. It does not follow, however, without more ado, that Simpson must be granted a new trial. It would seem that Florida has provided an effective post-conviction remedy which may be used for full review of claimed errors in cases where a defendant has been unconstitutionally denied his right to appeal.[6]

This opinion may be appropriately concluded in the language of our recent opinion in Bland v. State of Alabama, 5 Cir., 1965, 356 F.2d 8, cert. den. 86 S.Ct. 1203, (1966)

"The federal courts have seized upon the general words of the statute regulating proceedings in habeas corpus that, 'The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require'[12] to hold that they need not

"12. Now the concluding sentence in 28 U.S.C.A. § 2243.

limit relief to cases where an immediate discharge of the petitioner is required, but should tailor the relief according to the requirements of law and justice in the particular case.[13]

"13. Mahler v. Eby, 1924, 264 U.S. 32, 45, 46, 44 S.Ct. 283, 68 L.Ed. 549; Dowd v. United States ex rel. Cook, 1951, 340 U.S. 206, 210, 71 S.Ct. 77, 95 L.Ed. 215; Pate v. Holman, 5 Cir. 1965, 341 F.2d 764, 777; Compare Lyles v. United States, 5 Cir. 1965, 346 F.2d 789, 792.

Under the holding in those cases, the appropriate relief here, if available, would be to afford as adequate review of Bland's [here Simpson's] judgment of conviction as if he had been represented by counsel on his motion for new trial. * * *

＊　　＊　　＊　　＊　　＊　　＊

"The district court should enter such orders as are appropriate to allow the State a reasonable time in which either to re-try Bland [here Simpson], or to afford him as adequate review of his judgment of conviction as if he had been represented by counsel on his motion for new trial."

Reversed and remanded.

COLEMAN, Circuit Judge (concurring).

I concur in the Judgment but avail myself of the opportunity to comment on some of the language contained in the opinion.

I refer first to the statement, "it is now settled that 'the exhaustion principle is a matter of comity, not a matter of jurisdiction'". For fear of the possibility that this may be taken out of context and therefore misapprehended, I would elaborate upon this language by pointing out that Fay v. Noia did state that 28 U.S.C., Section 2254 is not one defining power but one which relates to the appropriate exercise of power.

As to that exercise of power, Congress specifically directed in Section 2254 that:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

Whippler v. Balkcom did state that the exhaustion principle is a matter of comity, not a matter of jurisdiction, but went on to say "[i]f the habeas petitioner raises constitutional issues he has never presented to the state courts, and if the

5. Compare Edge v. Wainwright, 5 Cir. 1965, 347 F.2d 190, 192; Young v. State, Fla.1965, 177 So.2d 345, 347; Sims v. Balkcom, 1964, 220 Ga. 7, 136 S.E.2d 766, 771.

6. See State ex rel. Ervin v. Smith, Fla. 1964, 160 So.2d 518; Jackson v. State, Fla.App.1964, 166 So.2d 194; Cannon v. State, Fla.App.1966, 181 So.2d 584.

applicant may still present those issues, he must first exhaust his state remedies before applying for federal habeas corpus".

Therefore, in the ordinary habeas corpus proceeding, even though the federal district court has jurisdiction it is not due to exercise it unless available state remedies have been exhausted.

The District Judge originally directed that this prisoner be released unless the State of Florida commenced a new trial within 120 days. Situations can be visualized in which a specific limitation, measured by a specific number of days, would be justifiable, such as the likelihood that the prisoner's term is scheduled for early expiration. On the other hand, the judgments of the District Court are subject to appeal. Moreover, temporary unavailability of witnesses, illness of witnesses, illness of prosecutors, or like circumstances unavoidably rendering it impossible to bring the prisoner to a new trial within a certain time, must be taken into consideration. I understand that our judgment here allows the State "a reasonable time" in which to take permissible action. To me, this is the sound rule to follow in such matters. Granting that some state authorities might be guilty of delaying tactics, the presumption is to the contrary, and should such arise the prisoner has only to bring it appropriately to the attention of the District Court for appropriate relief.

It was made known at the Bar of the Court that counsel for the prisoner did not advise an appeal because of his fear that the prisoner might get the death penalty if he were granted a new trial. As the law stands in Florida this did not excuse his failure to advise his client and to allow him to make his own decision as to that hazard. Nevertheless, it is a real consideration in cases of this kind. There have been instances in which the prisoner obtained his new trial in a capital case, only to suffer the death penalty after a new trial. Cf. Kehoe v. State, Mississippi, 18 So.2d 456, 1944.

