219 So.2d 762 (1969)
Richard E. COX, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-663.
District Court of Appeal of Florida. Third District.
February 11, 1969.
On Petition for Clarification March 10, 1969.
*763 Robert L. Koeppel, Public Defender, and Robert E. Livingston and Osmond C. Howe, Jr., Special Asst. Public Defenders, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
SWANN, Judge.
Richard Edward Cox, appellant, was the defendant in the Criminal Court of Record in Dade County, Florida. He was charged by information with larceny of an automobile, burglary, and robbery.
After a non-jury trial, he was adjudicated guilty of unlawfully and feloniously breaking and entering a dwelling house with the intent to commit a felony, to-wit: grand larceny; a robbery committed while unlawfully therein; and using a motor vehicle without the owner's consent. He was sentenced for a total of 25 years in the state penitentiary on the felony convictions and for a term of 119 days in the Dade County jail on the misdemeanor conviction. He filed a Notice of Appeal to this court to review these judgments and sentences.
Although neither party has raised the question of an appeal to this court from a conviction for a misdemeanor, we, sua sponte, consider this point.
Fla. Stat. § 811.21, F.S.A. provides that the penalty for the crime of using a vehicle without the consent of the owner shall be imprisonment not exceeding six months. The sentence imposed for this conviction was 119 days in the Dade County jail and proper appellate jurisdiction for this judgment and sentence rests in the Circuit Court of Dade County, Florida. This appeal, as far as it is concerned with the misdemeanor conviction is transferred to the Circuit Court of Dade County by separate order. See Troise v. State, Fla. App. 1965, 177 So.2d 24.
We proceed to the merits of appellant's points on appeal. During cross-examination of the robbery victim, the attorney for the defendant asked the following questions *764 concerning a telephone conversation with the police:
Q. Now, I presume you called the police.
A. I did.
Q. And what description did you make of the assailant?
The state objected to this question and the court sustained the objection on the theory that the answer would be hearsay. The attorney for defendant argued that it would not be hearsay since the witness had made the actual statement and was being questioned as to what he had said to the police officer. The state argued that this testimony was objectionable as hearsay because it was made outside the presence of the defendant.
The defendant had a right to object to this statement as hearsay since it was made outside his presence, but he also had a right to waive any objections to hearsay testimony. See 30 Am.Jur.2d Evidence § 11.03 and 29 Am.Jur.2d Evidence § 494. By his cross-examination of the victim it must be assumed that he waived any right to object on the ground that these statements were made outside his presence. Here, the witness (the victim) was being questioned as to his own statements, under oath, relative to identity and these questions were within his own personal knowledge.
In Hanson v. State of Florida, Fla. 1952, 56 So.2d 129, the Supreme Court of Florida commented on certain testimony adduced therein which was claimed to be hearsay and inadmissible since it was made outside the presence of the defendants and they had no opportunity for cross-examination. The court stated:
"We can dispose of much of the testimony alleged to have been improperly admitted over objection as merely falling without the prohibition of the hearsay rule and being entirely within the personal knowledge of the witnesses testifying."
The same observation is pertinent to the facts of this case. The witness was under oath and was present in the court room so that he might be cross-examined concerning the description which he gave to the police. Under these circumstances, we think that this question and answer falls within the recognized exceptions to the hearsay rule, and that an answer should have been permitted. See Martin v. State, 100 Fla. 16, 129 So. 112 (1930); Marden v. State, Fla.App. 1967, 203 So.2d 638; VI Wigmore on Evidence § 1791; Wharton's Criminal Evidence § 181.1; 29 Am.Jur.2d Evidence § 372; Annot. 71 A.L.R.2d 449.
During direct examination of a Sergeant of the Miami Police Department by the prosecution, it was revealed that a video tape, or television picture had been made of the defendant at the time he was being "booked" at the jail and that this tape had been shown to the victim for identification purposes. The police officer did not know whether there was an attorney present when the video tape was taken, although the defendant had been advised of his constitutional rights under Miranda and had stated that he did not want to talk until he had first spoken to his attorney. It was established that the video pictures of the defendant showed him moving about, talking and answering questions concerning his height, color of hair, name and color of eyes. The police officer did not know whether the defendant had been advised that the video recording was being taken of him.
The defendant argues that reversible error was committed under the authority of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, 1967 and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, 1967. Essentially, the Gilbert decision imposed, through the Fourteenth Amendment, a Sixth Amendment right to counsel at line-ups and other *765 confrontations. When such a right to counsel is present, "the prosecution has the burden of demonstrating that the defendant has been fully advised of his rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States." Woods v. State, Fla.App. 1968, 211 So.2d 248, 250.
It is important to remember that the defendant had exercised his rights under Miranda and the record is silent with regard to any waiver of the defendant's Sixth Amendment rights prior to his surreptitiously arranged "television debut."
Assuming perhaps that the "instant replay" would not so swiftly make its way from the gridiron to the precinct station house, the United States Supreme Court in Wade and Gilbert, supra, did not expressly deal with confrontations of the type herein involved. We believe that under the state of this record, the defendant had a right to counsel at the time of this secret confrontation between the victim and the defendant. What the police could not have done directly, they should not be allowed to do indirectly through the miracles of modern science. We find error in this regard.
Appellant also claims reversible error because of the refusal of the trial judge to permit him to submit testimony from witnesses which would establish an alibi for him. However, the record reflects that the defendant had not complied with Fla.R. Crim.Pr. 1,200, 33 F.S.A. in this case.
The appellant admits that he did not comply with the rule but argues that it was a clerical or technical failure on his part since he had served a notice in writing of an intent to claim an alibi in a companion case which had already been tried. He argues that under these circumstances, he has shown good cause for its failure to comply with the rule. We do not find an abuse of discretion by the trial court in this matter. See 2 Fla.Jur. Appeal §§ 326, 327; and State v. Nooks, 123 Ohio St. 190, 174 N.E. 743 (1930).
For the reasons stated, this case is reversed and remanded for a new trial.
Reversed and remanded.

ORDER
The state has filed a Petition for Clarification. The petition is directed solely to that part of the opinion which discussed the video tape recording taken of Cox at the time he was "booked" at the jail for the alleged crimes. The state concedes that the use of the video tape recording herein did not comply with any of the due process requirements of the United States or the Florida Constitution. It seeks clarification, however, as to whether counsel for Cox should be present at the time the video tape recording was taken or when it was shown to the victim. We agree that clarification is necessary on this point.
We hold that Cox did not have an absolute right to counsel at the time the video tape recording or identification pictures were taken. See Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
If a person, as here, has been arrested and "booked" and has exercised his rights to counsel, he is entitled to have counsel present when the video tape recording of himself is shown to the victim, or witnesses, as a substitute for a lineup or other confrontation. See Wade and Gilbert, supra. Cf. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).
The opinion and holding is not changed, except for this clarification.
It is so ordered.