PER CURIAM.
The appellant was charged with assault with intent to commit a felony, to-wit : Murder in the First Degree. After a trial before the court without a jury he was found guilty of aggravated assault and sentenced to three years in the state penitentiary. On this appeal from the judgment and sentence he presents two points.
The first point urges that the information was fatally defective and that it should have been dismissed upon his motion. The substance of appellant’s argument is that because the information contained the words: “with intent to commit a felony, to-wit: MURDER IN THE FIRST DEGREE as provided by 782.04, Florida Statutes” he was in fact charged under § 782.04, Fla.Stat., F.S.A., the murder statute. The contention is clearly unsound because the criminal actions of the appellant are described in factual detail and conclude with a reference to § 784.06, which is entitled “assault with intent to commit felony”. Appellant was convicted of the lesser-included offense of aggravated assault. It is clear that appellant could not have been misled. See Rule 1.140(d) (1), Florida Rules of Criminal Procedure, 33 F.S.A.
Appellant’s second point urges error because the court sustained the state’s objection to a question appellant’s counsel asked a state witness. The question was: “Did [the victim] tell you that [appellant] told h'm t0 keep off the property ? The state s objection upon the ground that the question sought to elicit hearsay testimony was sustained.
The appellant maintains that the defendant may always waive the hearsay objection upon cross-examination of a state’s witness. He relies upon the opinion of this court in Cox v. State, Fla.App.1969, 219 So.2d 762. We held there that the defendant in cross-examining a witness, who was the alleged victim, waived the hearsay objection as to statements of the witness made outside the presence of the defendant. The following language from the opinion is pertinent.
“Here, the witness (the victim) was being questioned as to his own statements, under oath, relative to identity and these questions were within his own personal knowledge.
‡ >j< 5jc
The witness was under oath and was present in the court room so that he might be cross-examined concerning the description which he gave to the police. Under these circumstances, we think that this question and answer falls within the recognized exceptions to the hearsay rule, and that an answer should have been permitted.” 219 So.2d at 764.
In the instant case the question sought an answer not as to statements made by the witness being cross-examined, but as to statements made to the witness by another. The hearsay rule operates to render such testimony incompetent and hence inadmissible. See Owens v. State, 65 Fla. 483, 62 So. 651 (1913). The trial judge was within the limits of his discretion in limiting the cross-examination of the witness. Revels v. State, 64 Fla. 432, 59 So. 951 (1912).
Affirmed.
CARROLL, J., concurs in the judgment.