276 So.2d 76 (1973)
Preston CHESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 72-424.
District Court of Appeal of Florida, Second District.
April 13, 1973.
Walter R. Talley, Public Defender, and Edwin T. Mulock, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PIERCE, Judge (Ret.).
In this case Preston Chester appeals to this Court from a judgment and sentence imposed against him pursuant to a trial and conviction in the Hillsborough County Criminal Court of Record of the offense of breaking and entering with intent to commit a felony.
The only point urged upon this appeal is that the trial Court erred in denying Chester the right to present purported alibi testimony. Chester in his brief conceeds that he did not comply with CrPR 3.200, 33 F.S.A. which provides certain restrictions and conditions prerequisite to introduction of such alibi testimony. It is not an abuse of discretion for the trial judge to disallow such testimony upon failure to so comply with the rule. Cox v. State, Fla.App. 1969, 219 So.2d 762.
Also the intended alibi testimony was based not on the prospective witness' personal knowledge but on what Chester had told him. In his brief filed in this Court, Chester seems to vary his attack on the judgment appealed by now contending that failure of his trial counsel to comply with the alibi rule "constitutes State Action and inadequate representation of counsel". However, the question of inadequate representation is not one that can properly be raised for the first time on a direct appeal from an adverse judgment because it is a matter that has not previously been ruled upon by the trial Court. Such ground within the restricted orbit of "State *77 action" must be raised preliminarily during the trial in order to afford a contention upon appeal. An appellate Court may confine itself only to a review of those questions which were before the trial Court and upon which a ruling adverse to the defendant was made. See Yost v. State, Fla.App. 1971, 243 So.2d 469; Bertone v. State, Fla.App. 1969, 224 So.2d 400; Haverty v. State, Fla.App. 1972, 258 So.2d 18. See also McPherson v. State, Fla.App. 1970, 237 So.2d 18.
Inasmuch as the sole point raised here for reversal is foreclosed to appellant Chester, the judgment appealed from must be and is 
Affirmed.
HOBSON, A.C.J., and McNULTY, J., concur.