JOHNSON, Judge.
The defendants, appellants herein, were charged by information with two counts: breaking and entering Perret’s Dairy, Callahan, Florida, with intent to commit grand larceny; and the same charge as to breaking and entering the Seaboard Airline Railroad Depot. The jury found both guilty on both counts and the defendants were sentenced to two years.
Before we discuss the evidence as found in the record on appeal, we are confronted with a rule of procedure which we have to decide can be dispensed with under the facts of this case, or as an exception created by case law.
As to a preface to the material point of this opinion, we think the words of Justice Glenn Terrell are appropriate as found in Kelley v. Gottschalk, 196 So. 844 (Fla.1940, to wit:
“ . . . The administration of justice is the most precious function a democracy is called on to perform and no rule of procedure was ever intended to defeat it. Courts must have rules to guide them in the performance of this function, but it has never been considered improper to toss right and common sense in the scales and weigh them with the evidence to reach a just result. Rules of procedure are as essential to administer justice as they are to conduct a baseball game, but they should never be permitted to become so technical, fossilized, and antiquated that they obscure the justice of the cause and lead to results that bring its administration into disrepute.”
32 F.S.A. Florida Appellate Rules, Rule 6.-16 provides, inter alia:
“a. . . . The court may also in its discretion, if it deems the interests of justice to require, review any other things said or done in the cause which appear in the appeal record, . . • . ” (Emphasis supplied.)
“b. Sufficiency of Evidence. Upon an appeal by the defendant from the judgment the appellate court shall review the evidence to determine if it is insufficient to support the judgment where this is a ground of appeal. . . .”
In the case sub judice, the defendants were represented by State-appointed counsel, to wit: The Assistant Public Defender. During the progress of the trial, the defendants’ counsel did not make a motion for a directed verdict at the end of the State’s case nor at any later time. No motion for a new trial was made, nor any *25 other post-trial motions, wherein the sufficiency of the evidence was questioned.
The trial court, after adjudging the defendants insolvent, appointed the same public defender’s office that had represented the defendants at the trial session to handle this appeal. Timely notice of appeal was filed and assignments of error were filed. An Assistant Public Defender different than the one who handled the trial, filed the assignments of error, and the first assignment was: “1. The trial court erred in denying the Defendants’ Motion for New Trial.” We cannot find in the record that counsel for defendants ever made such motion and in the brief of the appellants it is admitted that no such motion was made. Therefore, we are confronted with the Rule, supra.
In appellants’ brief, the first point on appeal is:
“THE DEFENDANTS WERE DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT A CRITICAL STAGE OF THE CRIMINAL PROCEEDINGS.”
The latest authority we have found on the question of procedure on this Point is Chester v. State, 276 So.2d 76 (Fla.App.2nd, 1973), wherein the Second District Court said:
". . . However, the question of inadequate representation is not one that can properly be raised for the first time on a direct appeal from an adverse judgment because it is a matter that has not previously been ruled upon by the trial Court. Such ground within the restricted orbit of ‘State action’ must be raised preliminarily during the trial in order to afford a contention upon appeal. An appellate Court may confine itself only to a review of those questions which were before the trial Court and upon which a ruling adverse to the defendant was made. (Citations omitted). “Inasmuch as the sole point raised here for reversal is foreclosed to appellant Chester, the judgment appealed from must be and is—
“Affirmed.”
This rule in Chester, supra, puts us into about the same boat, so far as considering the question of inadequate representation of counsel on appeal, as we are in the question of reviewing the sufficiency of the evidence when defendants’ counsel did not preserve the right to such review by motion for a directed verdict, motion for new trial or other motions, pre- or post-trial, which would have insured the defendants a right to review on appeal the sufficiency of the evidence.
In Wainwright v. Simpson, 360 F.2d 307 (5th Cir., 1966), the Court said:
“. . . However laudable his motive, court-appointed counsel for Simpson had no authority, without consulting with or obtaining the consent of his client, deliberately to forego Simpson’s right to move for a new trial or to appeal. When he did so, counsel proved himself ineffective. More, he completely abdicated his function and deprived Simpson of the aid of any counsel at a critical stage of the criminal proceeding.
“Thus the absence of aid of counsel has deprived Simpson of his right to move for a new trial and to appeal.”
The Supreme Court of Florida has consistently held, in construing Florida Appellate Rule 6.16, that unless the sufficiency of the evidence to sustain a verdict in a criminal case is first presented to the trial court via a motion for a directed verdict, motion for a new trial wherein the sufficiency of the evidence is a gound thereof, or such other motions wherein the trial court’s attention is directed to the question of the sufficiency of the evidence, and ruled upon, such question is not reviewable by the appellate courts.[1]
*26 The defendants-appellants find themselves in a maze of the Rules of Procedure and construction thereof by case law, and in a quandary as to how to reach the appellate level with reviewable points of appeal without violating the rules and decisions mentioned supra. Therefore, we think the words of wisdom and good law enunciated by the revered Justice Glenn Terrell in the Kelley case, supra, must now be applied to reach justice without destroying the time honored construction of the Rules of Appellate Procedure.
If, as the appellants contend in this appeal, “State action” (the failure of the Public Defender to move for a directed verdict or for a new trial) precludes them from raising the only meritorious point on appeal, to wit: the sufficiency of the evidence to sustain the verdicts; then, according to the United States Circuit Court of Appeals, Fifth Circuit, as found in Wainwright v. Simpson, supra, this constitutes depriving the defendants of the aid of counsel at a critical stage of the criminal proceedings, which would entitle the defendants to relief; but, the Second District Court of Appeal of Florida in Chester v. State, supra, says this question cannot be raised for the first time on a direct appeal. And, the Supreme Court of Florida says the question of the sufficiency of the evidence cannot be reviewed without the requisite motions mentioned supra.
Under the set of facts in this case, we think we would not be in error in sua sponte dismissing this appeal and directing that the appellants must go back to the trial court level with a Rule One proceeding, and appeal the Order thereon if thought to be in error; or
We could refuse to abide by the Second District Court’s decision in Chester, supra, and apply the United States Circuit Court decision in Wainwright v. Simpson, supra, and sua sponte reverse for a new trial on the ground that the actions by the Public Defender’s Office constituted State action and indequate representation of counsel; or
We could place our own construction on Florida Appellate Rule 6.16 and apply the same to the total set of facts, including the deficiency of the Public Defender at trial, and grant the review on the evidence on the ground that the interests of justice require that such review be granted.
Inasmuch as sooner or later, whether under the Federal Court’s direction or through another state court proceeding, the relief sought by the appellants in this appeal will be granted in part if not in total, we think that the common sense approach to the particular set of circumstances in this case is for us to render our opinion as we determine justice dictates.
We have read the record, with particular emphasis on the evidence relating to the value of things alleged to have been stolen or could have been stolen and with due regard to whether or not the evidence adduced any circumstances which possibly or probably could have prevented the defendants from taking and carrying off property other than that which was found missing in the respective places broken into. We find no evidence why the appellants, if they were the perpetrators of the crime, could not have stolen additional property, if they had intended to, than they did. This is true as to the evidence as to each of the two counts of the information.
The Florida Supreme Court has said that the best evidence of what the defendants intended to steal is what they did steal in the absence of circumstances which prevented them from carrying out a purpose to steal more. Jalbert v. State, 95 So.2d 589 (Fla.1957).
From this evidence, if motion had been made, we think the trial court would have directed a verdict as to the grand larceny phase of the prosecution. The evidence was not sufficient to sustain the verdicts; however, inasmuch as the defendants’ counsel made errors in the trial and the State Attorney may not have adduced all the evidence he could have, we reverse *27 the convictions and remand the same for a new trial, although we think the evidence was sufficient to sustain a conviction for the lesser included offense of breaking and entering with intent to commit petit larceny, as to the first count of the information. The evidence was very weak as to the second count of the information.
While it is with a calculated risk that we may be misunderstood as to our propriety in making this suggestion, we would like to suggest to the trial courts that if a defense counsel does not move for a directed verdict, or for a new trial, especially if the defense counsel is a Public Defender, that the trial court call to the defense counsel’s attention the rule that precludes the evidence from being reviewable in the absence thereof.
The verdicts and judgments are reversed and the causes remanded for a new trial.
RAWLS, C. J., and HOWELL, CHARLES COOK, Jr., Associate Judge, concur.

. State v. Owens, 233 So.2d 389 (Fla.1970) ; State v. Wright, 224 So.2d 300 (Fla.1969) ; and Mancini v. State, 273 So.2d 371 (Fla.1973).