294 So.2d 679 (1974)
Robert BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 73-380.
District Court of Appeal of Florida, Second District.
May 22, 1974.
James A. Gardner, Public Defender, and Ellen Condon, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Guy E. Labalme, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant Barnes seeks reversal of a judgment of conviction and sentence for the crime of assault with intent to commit a felony, to wit, robbery. He contends that the lower court erred in refusing to permit his alibi witnesses to testify.
Shortly after Barnes was charged by information with robbery, the Public Defender filed on his behalf numerous pre-trial discovery motions, as well as an offer to exchange witness lists. In compliance with his offer to exchange witness lists, the Public Defender furnished the names of three witnesses he expected to call. The State filed a Demand for Notice of Alibi pursuant to RCrP 3.200, 33 F.S.A., but Barnes never filed a notice of his intent to claim alibi. The Public Defender was allowed to withdraw and a private attorney assumed representation of Barnes before the cause came on for trial. Five minutes before trial defense counsel notified the prosecutor of a possibility that the witnesses would testify regarding alibi. Because the rule had not been complied with the trial judge, without any inquiry into the circumstances surrounding the failure to comply with the rule, excluded any testimony of witnesses other than the defendant regarding alibi. Barnes' sole defense was an alibi, and he therefore did not call the witnesses listed on his witness list.
In Bell v. State, Fla.App.2d 1974, 287 So.2d 717, which also involved RCrP 3.200, this court applied the rationale of cases involving a different discovery rule  Rule 3.220. In both rules the trial court has the discretion to exclude witnesses not included on the witness lists, and Rule 3.200 specifically provides: "For good cause shown the court may waive the requirements of this rule."
The Supreme Court of Florida has held that the discretion of the trial judge to exclude witnesses for failure to comply with Rule 3.220 may be exercised only after the court has made an adequate inquiry into all of the surrounding circumstances, and the failure of the trial court to inquire into these circumstances constitutes error. *680 Bradford v. State, Fla. 1973, 278 So.2d 624; Richardson v. State, Fla. 1971, 246 So.2d 771. See also Ramirez v. State, Fla.App. 4th 1970, 241 So.2d 744; and Spradley v. State, Fla. 1974, 293 So.2d 697, op. filed March 13, 1974.
We think it is equally necessary that the trial judge inquire into the circumstances surrounding the failure of either party to comply with the requirements of Rule 3.200 before exercising his discretion.
In the case sub judice the testimony of the witnesses would have been material to appellant's case as the claim of alibi was his sole defense. The record is silent as to whether the noncompliance with the rule was inadvertent or willful, whether it was trivial or substantial, whether it would be harmful or prejudicial to the State, or whether the State could claim great surprise inasmuch as the names of the witnesses had been furnished to the State more than two months before trial.
We therefore hold that the trial court abused its discretion in excluding the testimony of appellant's witnesses without first inquiring into the surrounding circumstances.
In making this decision we have not overlooked the holding in Cox v. State, Fla.App.3d 1969, 219 So.2d 762. However, the decision in Cox was rendered more than two years before Richardson and four years before Bradford. Also, it is not clear from the opinion in Cox or in Chester v. State, Fla.App.2d 1973, 276 So.2d 76, whether an inquiry was made prior to excluding the witnesses.
The failure of the trial judge to make such inquiry into these circumstances does not require vacation of the judgment and sentence at this time. See Knight v. State, Fla.App.3d 1964, 164 So.2d 229; Fowler v. State, Fla. 1971, 255 So.2d 513; Cf. Land v. State, Fla. 1974, 293 So.2d 704, op. filed March 20, 1974.
We accordingly temporarily remand the cause to the trial judge with directions that he hold a hearing to determine whether or not good cause exists to waive the requirements of RCrP 3.200. If the trial court shall determine that good cause is shown, appellant's conviction and sentence should be vacated and a new trial ordered. Such order shall be forthwith transmitted to this court so that this appeal may be closed. If, however, the trial court shall determine that no good cause is shown, the court is ordered to forthwith transmit back to this court the entire record of the case, including a transcript of the hearing on the surrounding circumstances regarding appellant's failure to comply with the rule, and a copy of the court's order.
Appellant's other point raised on this appeal is without merit.
Remanded with directions.
McNULTY and BOARDMAN, JJ., concur.