301 So.2d 7 (1974)
STATE of Florida, Petitioner,
v.
Edward Wilson BARBER and Charles Richard Barber, Respondents.
No. 44880.
Supreme Court of Florida.
June 12, 1974.
Rehearing Denied September 18, 1974.
*8 Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for petitioner.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for respondents.
DEKLE, Justice.
Jurisdiction vests in this Court pursuant to Art. V, § 3(b)(3), Fla. Const., F.S.A., on the basis of direct conflict between the decision of the First District Court of Appeal in this cause, reported at 286 So.2d 23 (1973); Mancini v. State, 273 So.2d 371 (Fla. 1973); State v. Owens, 233 So.2d 389 (Fla. 1970); State v. Wright, 224 So.2d 300 (Fla. 1969); Chester v. State, 276 So.2d 76 (Fla.App.2d 1973).
Respondents were convicted of two counts of breaking and entering with intent to commit grand larceny, and were sentenced to two years imprisonment. On appeal, they alleged that they had been denied effective assistance of counsel at a critical stage of the proceedings, in that the public defender had failed to preserve for review the question of the sufficiency of the evidence to support their convictions by making appropriate motions (for directed verdict, for new trial, etc.). The particular point on which they feel the evidence was insufficient was the value of the property involved in the larceny.
The DCA recognized the rule of Chester v. State, supra, that the question of inadequate representation cannot properly be raised for the first time on a direct appeal from an adverse judgment, since it is not a matter that has been previously ruled upon by the trial court. The DCA then stated (286 So.2d at 25) that this "puts us into about the same boat, so far as considering the question of inadequate representation of counsel on appeal, as we are in the question of reviewing the sufficiency of the evidence when defendants' counsel did not preserve the right to such review" by appropriate motion. The DCA also noted that this Court has consistently construed F.A.R. 6.16, 32 F.S.A., as meaning that, unless the question of sufficiency of the evidence is first presented to the trial court by way of a proper motion, that question is not reviewable by direct appeal. Mancini v. State, State v. Owens, State v. Wright, supra. The DCA also noted Wainwright v. Simpson, 360 F.2d 307 (CA5, 1966), in which the ineffectiveness of court-appointed counsel deprived the defendant of his right to move for a new trial and to appeal, thus entitling him to post-conviction relief (often referred to as a "Rule One" proceeding; see Cr.P.R. 3. 850, 33 F.S.A.).
*9 The DCA stated that it was faced with the following alternatives:
(1) sua sponte dismissal of the appeal directing the respondents to go back to the trial court level on a "Rule One" proceeding; or
(2) refusal to abide by Chester v. State, supra, applying the decision in Wainwright v. Simpson, supra, and sua sponte reversal for new trial on the ground that the public defender's acts constituted "state action" and inadequate representation of counsel; or
(3) in the interests of justice placing its own construction on F.A.R. 6.16 and granting a review of the evidence.
The DCA chose the last alternative, held that the evidence was not sufficient to sustain the conviction, and reversed and remanded for a new trial. It was a poor choice of alternatives; it was error.
As can readily be seen from the First District's opinion, its decision clearly conflicts with that of the Second District Court of Appeal in Chester v. State, supra, on the issue of whether inadequate representation of counsel can properly be raised for the first time on direct appeal. This in itself would be sufficient basis for our conflict jurisdiction, but the DCA went further and placed its own construction on F.A.R. 6.16 which directly conflicts with this Court's consistent construction of that rule in Mancini v. State, State v. Owens, and State v. Wright, supra, as the DCA clearly recognized. Upon these conflicts rests our jurisdiction.
The construction placed upon F.A.R. 6.16 by the district court was erroneous. As we have previously stated in the cases noted above, unless the issue of sufficiency of the evidence to sustain a verdict in a criminal case is first presented to the trial court by way of an appropriate motion, the issue is not reviewable on direct appeal from an adverse judgment. No such appropriate motion having been made in the trial court in this cause, the question of sufficiency of the evidence was not open to appellate review.
As to whether the issue of adequacy of representation by counsel can properly be raised for the first time on a direct appeal, we hold that it cannot properly be raised for the first time on direct appeal, since, as was recognized in Chester, "it is a matter that has not previously been ruled upon by the trial Court." An appellate court must confine itself to a review of only those questions which were before the trial court and upon which a ruling adverse to the appealing party was made. Haverty v. State, 258 So.2d 18 (Fla.App.2d 1972); Yost v. State, 243 So.2d 469 (Fla. App.3d 1971); Bertone v. State, 224 So.2d 400 (Fla.App.3d 1969).
Nor may any comfort be found in that portion of F.A.R. 6.16(a) which states: "The court may also in its discretion, if it deems the interests of justice to require, review any other things said or done in the cause which appear in the appeal record, including instructions to the jury." It is unnecessary to consider here the questions of whether counsel's failure to make any motion which would preserve the right to appellate review of sufficiency of the evidence would fall within the phrase "any other things said or done" and whether or not the claimed inadequacy of representation "appear[s] in the appeal record," for it is clear, in any event, that the interests of justice do not require review of counsel's claimed inadequacy in this case, since Cr.P.R. 3.850 provides a means by which this issue may properly be resolved in a correct procedural setting in the trial court where evidence may be taken, as was recognized in analogous circumstances in Wainwright v. Simpson, supra.
Respondents also contend that appellate review of sufficiency of the evidence was proper under F.A.R. 3.7(i) which provides that, in the interests of justice, the appellate *10 court may notice fundamental error apparent in the record even if it has not been made the subject of an assignment of error; their position is that the State failed to prove a prima facie case, and that this constitutes fundamental error. To accept this contention would be to disregard entirely the holdings in Mancini v. State, State v. Owens, State v. Wright, supra, all standing for the proposition that sufficiency of the evidence must be raised by appropriate motion in order to be reviewable on direct appeal. Accordingly, we reject this contention. Were we to distinguish in this regard between claims that the evidence failed to establish a prima facie case, and claims that the evidence was insufficient in some other regards (as, for example, that it was speculative in nature), we would have to emasculate the principle of the above-cited cases; we find no reason to do so. The issues here raised can be reviewed in appropriate post-conviction proceedings under Cr.P.R. 3.850.
It appearing from the record that the only points on appeal argued before the district court were sufficiency of the evidence to sustain the conviction and denial of effective assistance of counsel, and having determined that neither of these issues was properly before that court, which therefore erroneously considered them, the opinion of the district court must be quashed. It appears, however, that respondents are entitled to a review upon the point they raise on adequacy of counsel in appropriate post-conviction proceedings under Cr.P.R. 3.850, which was the first alternative recognized by the DCA but which that court chose to reject.
Accordingly, our writ of certiorari is granted, and the decision of the First District Court of Appeal, reported at 286 So.2d 23, is quashed and the cause is remanded with directions to dismiss the appeal without prejudice to respondents' rights to institute proceedings pursuant to Cr.P.R. 3.850 if they are so advised.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN and BOYD, JJ., concur.

ON REHEARING DENIED
DEKLE, Justice.
It is only in exceptional circumstances that the Court undertakes to express its views in denying a petition for rehearing. We do so here because of our concern that respondents may have misapprehended that part of our holding that now a petition under Criminal Procedure Rule 3.850 may be filed and heard by the trial court, with evidence to be presented if indicated; moreover, counsel may be assigned by the trial judge for such Rule 1 proceeding upon a proper showing of insolvency.
Respondent Charles Richard Barber concedes that he is not entitled to Rule 1 relief which has become moot, in that he has completed his sentence and accordingly is no longer "in custody" as a predicate for relief under the express terms of CrPR 3.850. Desrosiers v. State, 189 So.2d 834 (Fla.App.1st 1966). This respondent had adequate appellate review open to him. His failure timely to assert it does not change its legal sufficiency.
A Rule 1 proceeding, with newly appointed counsel to represent him thereon, is available to Respondent Edward Wilson Barber upon a proper showing. His status on parole is sufficient to qualify for a Rule 1 review; it is no different than that of a petitioner seeking relief in habeas corpus while on probation. Carnley v. Cochran, 123 So.2d 249 (Fla. 1960).
We do not by the views expressed herein recede from the basic requirement of State v. Weeks, 166 So.2d 892 (Fla. 1964), that the Rule 1 motion must present "apparently substantial meritorious claims." This requirement undergirds the very right to a further hearing, viz., that an appropriate showing for it be made; it is not a matter of right.
Respondents' contention that in case they should fail upon a Rule 1 to show inadequate *11 representation by counsel in their trial, nevertheless, they should be allowed to proceed, confronts our basic holding in the opinion, namely, that appellate review requires a trial motion to afford the trial judge an "opportunity of error" before he is subject to review. Mancini and Owens, supra. As we understand respondents' initial position, it is that because of this long-standing rule and due to the alleged failure of trial counsel to make essential motions that their counsel's representation was fatally deficient. We have afforded the opportunity of a Rule 1 review, with counsel, as to the one respondent with standing to assert it. We find no legal basis for any other review at this point.
We adhere to our original opinion, as herein amplified. The petition for rehearing is
Denied.
ADKINS, C.J., and ROBERTS and BOYD, JJ., concur.
ERVIN, J., specially concurring with opinion.
ERVIN, Justice (specially concurring on rehearing denied):
I concur in the opinion of the Court on rehearing denied, believing that on a Rule One hearing the points emphasized in behalf of defendants by the District Court in its opinion (286 So.2d 23) and emphasized by us on rehearing will be given serious consideration and defendants will be provided the assistance of effective counsel.
I am hopeful that before long a modification of F.A.R. 6.16 will be made by a rule change. It appears to me that the long-followed construction given the rule in the Mancini, Owens and Wright cases that unless the question of sufficiency of the evidence is first presented to the trial court it is not reviewable on direct appeal, operates to deny a convicted defendant the direct and complete appeal that is guaranteed by the Constitutions. Our cases' construction of the rule is overly technical and places procedure and form over substance and fundamental rights. What was said about the subject by the Second District Court of Appeal in Wright v. State (Fla.App. 1968), 216 So.2d 229, appears to be the rational and constitutional view.
It also seems anomalous to me, as it did to the District Court, that an ineffectual defense attorney who first failed to present either a motion for a directed verdict or motion for a new trial to raise the insufficiency of the evidence should be expected to be effective enough to file a motion before the trial court suggesting ineffectiveness of defense counsel in compliance with Chester v. State (Fla.App. 1973), 276 So.2d 76.