303 So.2d 37 (1974)
Jake ARLINE, Appellant,
v.
STATE of Florida, Appellee.
No. S-254.
District Court of Appeal of Florida, First District.
November 12, 1974.
T. Paul Hodge, Sandstrom & Hodge, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant was found guilty by jury of assault with intent to commit a felony, murder in the first degree. He appeals from the judgment and sentence. Throughout the trial, appellant was represented by appointed counsel (an assistant public defender). On appeal he is represented by private counsel.
Appellant raises two, and only two, points on appeal as follows:
1. The defense presentation on behalf of the defendant was so manifestly deficient as to warrant remand for new trial.
2. The state, through its counsel, and the defendant, through his counsel, committed errors so fundamental and prejudicial as to deny the defendant a fair and impartial trial.
As to the first point, the question of inadequate representation of counsel must be raised preliminarily in the trial court and may not be raised for the first time on appeal. See Chester v. State, Fla. App. (2d), 276 So.2d 76; State v. Barber, Florida Supreme Court, 301 So.2d 7, opinion filed June 12, 1974, rehearing denied September 18, 1974. The first point is, therefore, resolved against appellant but without prejudice to proceed under Rule 3.850, F.R.Cr.P. We call attention, however, to one of appellant's primary contentions under his first point. His counsel on appeal argues that he cannot now question the sufficiency of the evidence to support *38 the conviction because appellant's trial counsel "did not preserve the right to such review by motion for directed verdict, motion for new trial or other motions, pre or post-trial." The record shows that appellant's trial counsel moved for directed verdict at the close of the state's case in chief (though he did not again renew it at the close of all of the evidence). The record further shows that appellant's trial counsel filed a motion for new trial contending the verdict was contrary to the weight of the evidence which was denied. These motions were sufficient predicate for appellant to have questioned the sufficiency of the evidence on this appellate review (see Mancini v. State, Fla., 273 So.2d 371), but appellant's counsel has not raised this question here either by his brief or his assignments of error. Because of the circumstances, we have considered the sufficiency of the evidence under the following provision of Rule 6.16, F.A.R.:
"The court may also in its discretion, if it deems the interests of justice to require, review any other things said or done in the cause which appear in the appeal record, including instructions to the jury.'"
From our review of the record, we find the evidence sufficient to support the conviction.
As to appellant's second point, we have read the record, including the voir dire examination of the jury, the opening statements of counsel and their final arguments. We find no statements of counsel of such a prejudicial nature as to vitiate the judgment and conviction. We do consider, however, that comment should be made upon the following remark by the third year law student who prosecuted the case for the state:
"... and I would ask you to find in your hearts as I have found for the past month as I have prepared for this case and interviewed my witnesses, worked solidly that Jake Arline committed this heinous crime."
The Supreme Court in Rogers v. State, 158 Fla. 582, 30 So.2d 625 stated as follows:
"The willingness of this Court to reverse a case because of highly prejudicial and inflammatory statements made by a prosecutor, should not be abused by invoking it too freely where the situation does not warrant such extremes [sic] measures. In the strain of a hotly contested trial, errors of judgment, and sometimes thoughtless injustices, are bound to insinuate themselves, even where the court and counsel are motivated by the highest ideals of justice and where exist the best of intentions to refrain from injecting into the trial any prejudicial matter. In order to reduce these to a minimum counsel and the Court are required to be continuously on the alert."
* * * * * *
"... in view of the entire record, and what we have already said, we do not feel disposed to take notice of the quoted remarks beyond reminding counsel generally that justice will be much more fairly administered if they do not go beyond the limits of fair discussion, and to call upon trial courts to be ever vigilant in their attempts to prevent occurrences of this kind. It would be better to err on the side of the too great a restriction than too little."
Although the above quoted remark by counsel for the state as to his personal belief that appellant is guilty was improper, when it is considered in the light of all of the evidence presented in the case and the totality of the final arguments, we do not find it of such prejudicial nature as to warrant a reversal.
Affirmed.
BOYER, Acting C.J., and YAWN, THERON A., Jr., Associate Judge, concur.