388 So.2d 570 (1980)
The STATE of Florida, Appellant,
v.
Inzel GAITOR, Appellee.
No. 79-163.
District Court of Appeal of Florida, Third District.
May 27, 1980.
Janet Reno, State's Atty. and Theda R. James, Asst. State's Atty., for appellant.
Bennett H. Brummer, Public Defender and Clark D. Mervis, Asst. Public Defender, for appellee.
Before HUBBART, J., CHAPPELL, BILL G., Associate Judge, and PEARSON, TILLMAN (Ret.), Associate Judge.
PER CURIAM.
The State appeals an order suppressing the out-of-court identification of Inzel Gaitor based upon a finding that defendant, Gaitor, was entitled to have counsel present when video tape recordings were shown to the victims.
The pertinent facts are that Gaitor was a suspect in several armed robberies including one of Louis and Betty Salter, which occurred on May 27, 1978. Detective Maye of the Miami Police Department was assigned to the case, and he showed the Salters a photographic lineup which included a photograph of Gaitor whom they tentatively identified as the offender.
On June 14, 1978, Gaitor was taken into custody and charged with two unrelated armed robberies for which informations were filed on July 7 and July 10, 1978. The Public Defender was appointed to represent him in those two cases on June 15, 1978, and on that same date, as a part of standard booking procedure, a video tape was made of Gaitor and filed in a library of approximately 40,000 records maintained for identification purposes.
On July 3, 1978, at Maye's request, the video equipment operator of the Miami Police Department prepared a video taped lineup of six subjects, including Gaitor, which was shown to Mrs. Salter on July 5, 1978, and to Mr. Salter on August 3, 1978, following which each of them made positive identification of Gaitor. As a result of these identifications, Gaitor was promptly arrested for the Salter robbery.
The Sixth Amendment of the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right... to have the Assistance of Counsel for his defense." In a long line of cases, the courts have toiled to define the *571 commencement of criminal prosecutions and to ascertain at what points therein the accused shall have such assistance.
In the cases of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), the United States Supreme Court held that a post-indictment pre-trial lineup at which the accused is exhibited to identifying witnesses is a critical state of the criminal prosecution, and the court developed a per se exclusionary rule to identification testimony based upon a police station lineup that took place after the defendant had been indicted or otherwise formally charged with a criminal offense. In a later case, the majority of that court refused to extend this Wade-Gilbert per se exclusionary rule to confrontations conducted after arrest but before the filing of formal charges. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). The Florida Supreme Court follows the same rule. Perkins v. State, 228 So.2d 382, 389-390 (Fla. 1969).
In Cox v. State, 219 So.2d 762 (Fla.3d DCA 1969), this court held that a person who has been arrested and "booked" is entitled to have counsel present when a video tape lineup in which he appears is shown to state witnesses as a substitute for a live lineup. In view of the holdings in Wade and Gilbert, supra, this court took the view that what the police could not do directly, they should not be allowed to do indirectly through the miracles of modern science. Although Cox still remains good law, it must be read to apply only to post-charge video tape lineups. It is true that the language of the opinion appears to trigger the right to counsel at the point of arrest, but the subsequent case law cited above clearly limits the impact of this decision to postformal charge video tape lineups.
In the instant case, the video tape lineups which were suppressed were clearly pre-charge confrontations. It is clear beyond dispute that these video tape lineups took place before the defendant was arrested and formally charged with the robberies herein. As such, the defendant had no right to counsel at these pre-charge lineups, and the evidence thereof was improperly suppressed by the trial court.
The order under review is reversed and the cause remanded to the trial court for further proceedings.