490 So.2d 1054 (1986)
Willie Lee CRENSHAW, Appellant,
v.
STATE of Florida, Appellee.
No. BH-16.
District Court of Appeal of Florida, First District.
July 2, 1986.
Michael Allen, Public Defender, Larry G. Bryant, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Henri C. Cawthon, Asst. Atty. Gen., for appellee.
WILLIS, BEN C. (Ret.), Associate Judge.
Crenshaw appeals from his conviction of lewd and lascivious assault on a child less than 14 years of age in contravention of Section 800.04, Florida Statutes (1983). We affirm without prejudice to whatever relief Crenshaw may seek in the trial court.
The evidence against Crenshaw at trial consisted of the testimony of the child, approximately seven years of age, that on one occasion he had exposed himself to her in the shower and on another that he touched her vaginal area with his penis while she was in bed. The child had previously related these incidents to the pediatrician who was treating her for a slight vaginal discharge. The pediatrician testified that his examination had revealed no physical trauma and that he could not say with certainty that the discharge had been caused by an assault. A caseworker testified for the State that the child had demonstrated the incidents for her using anatomically correct dolls.
Crenshaw testified on his own behalf, denying the crime. The child's mother also testified for the defense, denying that the child ever told her of the incidents; this testimony was impeached by the caseworker. The jury returned a verdict finding Crenshaw guilty as charged and he was sentenced to 15 years incarceration. His court-appointed private counsel filed no motion for new trial and withdrew from the case after filing the necessary documents for this appeal.
Tibbs v. State, 397 So.2d 1120 (Fla. 1981), established that an appellate court cannot reverse a conviction on the ground that the verdict is contrary to the weight of the evidence. Tibbs at 1123. However, the court was specific that, based on Rule 9.140(f), Fla.R.App.P., which provides that "[i]n the interest of justice, the court may *1055 grant any relief to which any party is entitled," the appellate court could still reverse in such cases for fundamental injustice occurring at trial. Tibbs at 1126.
In Robinson v. State, 462 So.2d 471 (Fla. 1st DCA 1984) (Robinson II), the defendant contended that in the interest of justice his conviction should be reversed and the case remanded for a new trial based on defense counsel's failure to timely file a motion for new trial, his only avenue after Tibbs for review of the weight of the evidence. This court held that the effect of Tibbs was to render defense counsel's obligation to timely file a motion for new trial substantially analogous to his obligation to file a notice of appeal. Therefore, his failure to do so should constitute ineffective assistance of counsel in violation of defendant's constitutional rights. The court proceeded to reverse Robinson's conviction "in the interest of justice" and grant a new trial. Crenshaw relies on Robinson to argue that his conviction should be similarly reversed. We disagree.
In reversing Robinson's conviction in the interest of justice, the court relied heavily on "the unique situation" presented in that case, which arose when the trial court improperly extended the time in which to file a motion for new trial and then granted it. That action was reversed by this court in State v. Robinson, 417 So.2d 760 (Fla. 1st DCA 1982) (Robinson I), on the ground that the motion was untimely filed. Therefore, the Robinson II court knew without benefit of further proceedings in the trial court that, but for counsel's error, the motion would have been granted. Consequently, it determined to circumvent what it termed the "typical" post-conviction remedy to reverse and grant a new trial "in the interest of justice." Robinson at 477.
It is apparent, therefore, that in the absence of these special circumstances, Robinson's remedy would have been a motion for post-conviction relief. We do not have the benefit of the information available to the Robinson II court in this case and therefore find it controlled by State v. Barber, 301 So.2d 7 (Fla. 1974). Barber held that, unless the sufficiency of the evidence is first presented to the trial court by way of motion, it is not reviewable on direct appeal and that it was unnecessary to consider whether counsel's failure to make such a motion to preserve the right to appellate review of the evidence was covered by the "interests of justice" rule, since "Rule 3.850 provides a means by which this issue may properly be resolved in a correct procedural setting in the trial court where evidence may be taken... ." Barber at 9.
We therefore affirm Crenshaw's conviction without prejudice to whatever relief, including a motion pursuant to Rule 3.850, he may seek in the trial court.
NIMMONS and WENTWORTH, JJ., concur.