WOLF, Judge.
Lines appeals from a judgment and sentence for DUI, resisting an officer with violence and threatening a public servant. He asserts that the trial court abused its discretion in denying appellant’s motion to withdraw a previously entered plea of nolo contendere. The appellant argues that pri- or to the entry of this plea, his counsel failed to advise him of a possible defense to the charges. We find that appellant has failed to demonstrate any error and affirm.
On June 24, 1990, appellant was arrested following a high-speed chase in his automobile by the Leon County Sheriff’s Department. Following arrest, appellant struggled with the officers and refused a breath analysis and urinalysis. Appellant entered a plea of no contest to resisting arrest with violence on September 21, 1990. Prior to sentencing, appellant moved to withdraw his plea on the grounds that he was not aware that he had a- defense of manic-depressant illness which may have made him incompetent at the time of the offense or may have been a mitigating factor. At the hearing on the motion, appellant presented expert testimony which indicated that appellant has probably been suffering from manic depression for several years and indicated that appellant would have been either depressed or “manicky” unless medicated. Neither expert indicated that appellant was incompetent at the time of the offense or at the entry of the plea.
The trial judge stated that he had a report from Dr. Spence that the defendant was competent to proceed and further stated
I do recall when Mr. Lines was before the court and we did discuss his illness at that time and I felt comfortable at that time and confident that he was before the court and did freely and voluntarily waive his right to go to trial. And I will not set aside the plea.
A review of the plea conference supports the judge’s finding that appellant’s depression was discussed, that appellant was fully advised of his rights, and that there was no indication that he did not understand the proceedings.
Rule 3.170(f), Florida Rules of Criminal Procedure, provides as follows:
The court may, in its discretion, and shall upon good cause, at any time before a sentence, permit a plea of guilty to be withdrawn....
A defendant who wishes to withdraw a guilty plea has the burden of establishing good cause under the rule. Lopez v. State, 536 So.2d 226 (Fla.1988); Yesnes v. State, 440 So.2d 628 (Fla. 1st DCA 1983). In the instant case, the appellant argues that his *324 plea was not voluntarily entered because he was not advised that he could have a possible insanity defense. However, the appellant did not present testimony to indicate that he was, in fact, suffering from any form of mental incompetence at the time of the offense or at the time of the entry of his plea.
In Holmes v. State, 374 So.2d 944 (Fla. 1979), cert, denied, 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267 (1980), the supreme court held that where the defendant’s guilty plea was accepted with an affirmative showing that it was voluntary and intelligently made, the trial judge did not abuse his discretion in denying the defendant’s motion to withdraw his guilty plea even in view of a possible insanity defense where there was no showing that the defendant was insane at the time of the offense or at his arraignment. The Holmes case is analogous to the instant case. In both cases, the defendant pled guilty, but later moved to withdraw the guilty plea upon discovering the possibility that a defense of insanity might have been available to him.
Here, as in Holmes, the judge below found that there was not good cause shown to warrant the defendant’s withdrawal of his guilty plea where there was no showing that the defendant was insane at the time of the offense. There is no showing of an abuse of discretion below, therefore, we affirm.[1]
WIGGINTON, J., concurs.
ERVIN, J., dissenting with written opinion.

. We would note that the cases relied on by the dissent include cases where (1) there was a summary denial of the defendant’s claim concerning either incompetence of counsel or involuntariness of the plea; (2) there was an affirmative misrepresentation by a defendant’s attorney concerning the consequences of the plea; (3) the defendant was not provided the opportunity to be examined by mental health experts; (4) a motion for postconviction relief alleging incompetent counsel was filed; (5) the trial court found that the omissions of counsel were such that it affected the voluntariness of the plea. None of the factors exist in the instant case. This case involves a direct appeal from a motion to withdraw a plea where there is no allegation of an affirmative misrepresentation of counsel, and a full hearing with expert testimony was provided. In addition, there is no allegation of incompetent counsel, nor could such issue be raised on direct appeal. See Tillery v. State, 592 So.2d 1123 (Fla. 1st DCA 1991); State v. Barber, 301 So.2d 7 (Fla.1974).