No. 5148. BRASWELL *v.* FLORIDA. Dist. Ct. App. Fla., 3d Dist. Certiorari denied.

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE BRENNAN join, dissenting.

I would grant certiorari in this case to hold that Florida cannot enforce a mere procedural rule by denying a criminal defendant his constitutional right to present witnesses on his own behalf. In this assault trial, the defendant asked the judge to invoke the "Witness Rule," directing prospective witnesses "not [to] permit anyone to discuss [the case] in your presence." The judge invoked the rule but instructed only those witnesses who were then present. A defense witness who arrived late missed the instruction, and, unknown to the defendant or his counsel, heard some of the prosecution's evidence. When the defense later attempted to call this witness to support the defendant's testimony that the alleged assault was an act of self-defense, the prosecutor objected to the competency of the witness because he had violated the "Witness Rule." Over the defendant's objection that the witness would give material testimony in the defendant's favor, the judge refused to permit the witness to testify.

While the "Witness Rule" has a valid purpose and can contribute to the search for truth, a breach of the rule cannot be used to deny a criminal defendant his constitutional right to obtain and present witnesses in his favor. U. S. Const., Amdt. VI; cf. *Washington* v. *Texas,* 388 U. S. 14 (1967). A simple rule of courtroom "fairness" has been misused to destroy a sacred constitutional right.

I would grant certiorari in this case and reverse the conviction below so that the defendant might have the right to present his side of the story.