HENDRY, Judge.
Appellant was charged with carrying a concealed firearm and robbery in a two count information. He pleaded not guilty and went to trial before a jury in the Criminal Court of Record of Dade County, Florida. He was found not guilty as to the robbery count and guilty as to the charge of carrying a concealed firearm. The court imposed upon the defendant a sentence of eighteen months in the State Penitentiary and thereafter he was to be placed on probation for a term of eighteen months.
Appellant seeks reversal on several grounds. The first of which is that the trial court erred in excluding the testimony of a defense witness. We agree in part and reverse.
The witness whose testimony was excluded was Herman Williams who was produced by the defense on the eve of trial. The state objected to the use of the witness on the grounds that the state had not been given the name of the witness in response to its request for the names of all defense witnesses and that the state had no knowledge of the existence of the witness. The defendant’s counsel represented to the trial court that the witness was produced and his name made known to the state as soon as possible. The court granted the state’s motion to exclude the testimony of the witness. The trial judge was of the opinion that defendant’s prior motion for a speedy trial amounted to a representation that he was ready for trial or would be ready when the case was called, and the request for speedy trial therefore should bar him from excusing himself for failure to make a timely response to the state’s request for the names of defense witnesses.
The defendant’s counsel made a proffer that the witness, Henry Williams, would testify as to two matters: first, as an alibi witness, that the defendant was not at the scene of the crime at the time alleged, but that at the time alleged Williams was with the defendant at a place far away from the robbery scene, and second, as a defense witness, that Williams was present when the defendant was arrested and saw that the defendant did not throw the gun, or put a five dollar bill in the back seat of the jitney.
We deem it unnecessary to discuss at length the ramifications of the court’s ruling excluding Herman Williams’ testimony as to defendant’s alibi. We express the view that the appellant has not demonstrated an abuse of discretion on the part of the trial judge in excluding the alibi testimony of Williams; we note that the defendant was, in fact, acquitted of the charge of robbery.
However, we hold that the court erred in excluding Herman Williams’ testimony as to the events which transpired at the time of the defendant’s arrest. The constitutional guarantees of the right of the accused to have witnesses testify in his favor have been recognized by the U. S. Supreme Court. See: Washington v. Texas (1967), 388 U.S. 14, 18-19, 87 S.Ct. 1920, 18 L.Ed.2d 1019. It is also recognized that defendant’s violations of certain procedural rules may warrant the judge’s exercise of discretion in ordering the exclusion of a defense witness. Braswell v. State, Fla.App.1970, 230 So.2d 192, cert. den. (1970), 400 U.S. 873, 91 S.Ct. 106, 27 L.Ed.2d 111, reh. den. (1970), 400 U.S. 920, 91 S.Ct. 176, 27 L.Ed.2d 161.
We are of the opinion that the lower court abused its discretion in excluding the defense witness, because it was not *210 clearly shown that there was a violation of any procedural rule.[1]
The appellant argues that the sentence of eighteen months’ probation after completion of a term of imprisonment in the state penitentiary was illegal. We agree. Robinson v. State, Fla.App.1972, 256 So.2d 390. (1972). See also: Roy v. State, Fla.App.1968, 207 So.2d 52, 56.
Therefore, we reverse and remand with directions that a new trial be granted as to the charge of carrying a concealed firearm.
Reversed and remanded with directions that a new trial be granted.

. The defendant has argued that a related point is involved, that, in his words, “ . . .a defendant does not waive his right to a speedy trial when he takes steps which are necessary to protect his fundamental rights, State ex rel. Johnson v. Edwards, Fla.1970, 233 So.2d 393 [;] likewise it cannot be said that an accused, who exercises his constitutional right to a speedy trial, waives other fundamental rights.” Suffice it to say that under the facts of this case no such issue is presented, and we do not need to discuss the proposition advanced.