287 So.2d 717 (1974)
Robin Hood BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 73-440.
District Court of Appeal of Florida, Second District.
January 11, 1974.
James A. Gardner, Public Defender, Sarasota, and Thomas A. Capelle, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
The appellant appeals his conviction of obtaining amphetamines by fraud in violation of F.S. 404.02 F.S.A.
*718 Pursuant to demand for notice of alibi, the appellant served notice of his intent to claim an alibi. In the notice he stated that rather than being where the alleged offense occurred, he was at Forest Hills Medical Center in Tampa at the time. He listed the names of two relatives he might call as witnesses to support the alibi.
When the witnesses were sworn at the beginning of the trial, defense counsel stated that he might also call Dr. Guest as a witness, but nothing further was said on the subject at that time. Dr. Guest was a resident physician at Forest Hills Medical Center. The purpose of calling Dr. Guest would be to support the appellant's alibi.
Later in the trial, the prosecutor objected to Dr. Guest being called as a witness for the defense because he was not listed as a witness on the notice of intent to claim alibi. Dr. Guest had been listed on the State's witness list.
Upon inquiry by the court, defense counsel stated that the appellant had told him just prior to trial that Dr. Guest might be able to support his claim of alibi. Counsel further stated that he had called Dr. Guest's office and found that the doctor's records indicated the appellant had been at his office on the same morning the offense was alleged to have been committed. The court refused to permit Dr. Guest to be called as a witness because of the failure to include his name on the notice of intent to claim alibi.
Rule 3.200, CrPR, 33 F.S.A., provides that upon demand by the State, one intending to claim an alibi must supply specific information with respect thereto and give the names and addresses of the witnesses being called to attempt to prove the alibi. If the notice is given, the court may exclude the testimony of any witness offered by the defendant for the purpose of proving the alibi if the name and address of such witness is not stated in the notice. The rule permits the waiving of its requirements for good cause shown.
The rationale of several cases involving a waiver of the requirement to furnish the names of witnesses under Rule 3.220, CrPR (formerly Rule 1.220), 33 F.S.A. appears analogous. Richardson v. State, Fla. 1971, 246 So.2d 771; Williams v. State, Fla.App. 1972, 264 So.2d 106; Ramirez v. State, Fla.App. 1972, 241 So.2d 744; Dancy v. State, Fla.App. 1972, 259 So.2d 208. In Williams, the court said:
"It is our view that the administration of the discovery rule in question requires a careful and discerning employment of the court's discretion. It should not be artificially or technically administered, but should be considered in the light of the objective of the whole trial procedure, which is basically to obtain a just decision based upon all of the facts. Hence, we feel, as was suggested in Sheridan v. State, Fla.App. 1971, 258 So.2d 43, that upon the failure of a party to make discovery [sic] the court should make a careful inquiry as to why the disclosure was not made, the extent of the prejudice to the other party and the feasibility of rectifying that prejudice by some intermediate procedure. While the rule, 1.220(g), supra, describes the possibility that the court may prohibit witnesses from testifying, we feel that this should be done only under the most compelling circumstances and where the omission can not be otherwise remedied... ."
The appellant's claim of alibi was vital to his defense. According to counsel's proffer, the testimony of Dr. Guest would have been material. Since the State had itself included Dr. Guest on its list of witnesses, it was in no position to claim great surprise. Therefore, we are constrained to hold that good cause was shown and that the trial court exceeded the bounds of its discretion in refusing to permit Dr. Guest to be called as a witness for the defense.
*719 The judgment is reversed. The case is remanded for further proceedings not inconsistent herewith.
McNULTY, Acting C.J., and BOARDMAN, J., concur.