567 So.2d 537 (1990)
Irving PELHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00959.
District Court of Appeal of Florida, Second District.
September 28, 1990.
John Thor White of Schwartzberg & White, St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant challenges his convictions and sentences for attempted second degree murder and attempted robbery. Finding that the trial judge reversibly erred in excluding the appellant's alibi witness from testifying, we reverse and remand for a new trial.
The state filed in this case a demand for notice of intention to claim alibi. In response to that motion, about a month before the trial, defense counsel filed a notice of intent to claim alibi. He listed an alibi witness named "Byron LeKeith Myron."
On the morning of the third day of trial, the state asserted that the witness named in the notice of intent to claim alibi should not be allowed to testify because the man's actual name, which the state represented it just found out that morning, was Byron Myrick. The state asserted that there was no way the prosecution could have been able to locate the man with an improper name. The notice of alibi rule, Florida Rule of Criminal Procedure 3.200, expressly states that if the name of an alibi witness as particularly as is known to the defendant or his attorney is not stated in the notice, the court may exclude the testimony of that witness. The trial judge in this case followed the literal language of rule 3.200 and summarily excluded the appellant's alibi witness because the name was misspelled.
In Bell v. State, 287 So.2d 717 (Fla. 2d DCA 1974), this court considered a situation *538 similar to that in the instant case. In Bell, the trial court had refused to permit a person to be called as a witness because of the failure to include that person's name on the notice of intent to claim alibi. The court noted the express language of the rule, and also noted that the last sentence of the rule provides "for good cause shown the court may waive the requirements of this rule."
In Bell, the court concluded that a violation of the notice of alibi rule is analogous to a failure to furnish witnesses under rule 3.220 and the matter should be treated as a rule 3.220 violation in the manner prescribed in Richardson v. State, 246 So.2d 771 (Fla. 1971). Bell adopts the view that when there is a violation of the notice of alibi rule, the trial court should make a careful inquiry as to why the disclosure was not made, the extent of the prejudice to the other party and the feasibility of rectifying that prejudice by some intermediate procedure. Thus the court approved the view that while the rule describes the possibility that the court may prohibit witnesses from testifying, this should be done only under the most compelling circumstances and where the omission cannot be otherwise remedied. In Austin v. State, 461 So.2d 1380 (Fla. 1st DCA 1984), the First District Court of Appeal discusses some alternatives which a trial court should consider before excluding an alibi witness.
In the present case, the trial judge made no finding as to whether the state was actually prejudiced by the misspelling of the witness's name. Even worse, the trial judge considered no alternative for rectifying that prejudice short of excluding the testimony of the alibi witness. The trial judge thus committed error under the rule adopted by this court in Bell v. State.
For the foregoing reasons, we reverse and remand for a new trial.
DANAHY, A.C.J., and CAMPBELL and HALL, JJ., concur.