PER CURIAM.
The defendant appeals an adjudication of robbery entered upon a jury verdict. We agree with defendant’s argument that the trial court erred in refusing to permit his alibi witness to testify without first giving the defendant an opportunity to show good cause why defendant failed to comply with Florida Rule of Criminal Procedure 3.200. That rule requires a defendant offering an alibi witness to furnish to the prosecuting attorney, at least ten days before trial, notice of his intent to call such witness, as well as the witness’ name and address, so that the state may depose the witness prior to trial. Rule 3.200 was specifically designed to timely afford the state an opportunity to learn the nature of the alibi and to proceed with discovery if needed. However, the rule specifically provides, “[f]or good cause shown the court may waive the requirements of this rule.”
We find the instant case to be much like Barnes v. State, 294 So.2d 679 (Fla. 2d DCA1974), where the court held that exclusion of testimony of defendant’s alibi witness without first inquiring into circumstances surrounding his failure to comply with rule 3.200 was an abuse of discretion. See also Pelham v. State, 567 So.2d 537 (Fla. 2d DCA1990); Bell v. State, 287 So.2d 717 (Fla. 2d DCA1974).
Accordingly, we temporarily remand the case to the trial court with directions that a hearing be held to determine whether or not good cause existed to waive the requirements of rule 3.200. If the trial court determines that good cause has been shown, defendant’s conviction and sentence should be vacated and a new trial ordered. Such order will be immediately transmitted to this court so this appeal may be closed. If, however, the trial court determines that no good cause is shown, the court will transmit back to this court the entire record, including a transcript of the hearing on the surrounding circumstances regarding the defendant’s failure to comply with the rule, and a copy of the court’s order.
Remanded with directions.