630 So.2d 1087 (1994)
Larry SMALL, Petitioner,
v.
STATE of Florida, Respondent.
No. 81124.
Supreme Court of Florida.
February 3, 1994.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen. and Marc E. Brandes, Asst. Atty. Gen., Miami, for respondent.
McDONALD, Justice.
We have for review Small v. State, 608 So.2d 829 (Fla. 3d DCA 1992), in which the district court held that the trial court must conduct a hearing to determine whether good cause existed to prevent the defendant's alibi witness from testifying. We accepted jurisdiction based on argued conflict with Smith v. State, 372 So.2d 86 (Fla. 1979), and Smith v. State, 319 So.2d 14 (Fla. 1975), pursuant to article V, section 3(b)(3) of the Florida Constitution.
Larry Small, who was charged with robbery, told his defense counsel shortly before the start of jury selection that an alibi witness was available to testify on his behalf. Defense counsel advised the court and the State of the existence of a possible alibi witness and asked for leave to allow the witness to testify even though the ten-day notice requirement of Florida Rule of Criminal *1088 Procedure 3.200 had not been satisfied.[1] The State objected, and the court ruled that the alibi witness would not be allowed to testify. The trial ended with the declaration of a mistrial based on a hung jury.
Prior to Small's retrial the defendant had not filed a written 3.200 notice and the state verbally announced that it had not deposed the alibi witness. Without conducting any further inquiry into the matter, the court ruled that the alibi witness would be precluded from testifying at trial. The jury found Small guilty as charged and the court sentenced him to a term of imprisonment. On appeal the district court ruled that the exclusion of Small's alibi witness without first inquiring into the circumstances surrounding his failure to comply with rule 3.200 constituted an abuse of discretion. The district court remanded
with directions ... to determine whether or not good cause existed to waive the requirements of rule 3.200. If the trial court determines that good cause has been shown, defendant's conviction and sentence should be vacated and a new trial ordered... . If, however, the trial court determines that no good cause is shown, the court will transmit back to this court the entire record, including a transcript of the hearing on the surrounding circumstances regarding the defendant's failure to comply with the rule, and a copy of the court's order.
Small, 608 So.2d at 829.
Small argues that the exclusion of a defense alibi witness based on a violation of rule 3.200, without first inquiring into the circumstances surrounding that violation, automatically requires reversal of the conviction and remand for a new trial. In Richardson v. State, 246 So.2d 771 (Fla. 1971), this Court held that the trial court has discretion to determine whether noncompliance with the rule of discovery in Florida Rule of Criminal Procedure Rule 1.220[2] would result in harm or prejudice to the defendant. Richardson also held that the court's discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Id. Small asserts that the exclusion of a witness without a Richardson inquiry is per se reversible error. He bases his argument on the idea that rule 3.200, governing notice of alibi witnesses, is so similar in nature to rule 3.220, governing discovery, that the principles of law developed under the latter rule apply to the former rule as well.
We disagree with Small's initial premise that rule 3.200 and rule 3.220 are fundamentally the same. Although the two rules share the same rationale, to eliminate surprise at trial, the notice of alibi rule is not a discovery rule. Rule 3.200 also diminishes the opportunity of presenting manufactured false alibis. Hicks v. State, 400 So.2d 955 (Fla. 1981). Under the ten-day notice requirement, the state is at least advised of the existence of the alibi and has the option of investigating it. If the state goes to trial without this notice, it does not have the opportunity to depose the alibi witness, determine the witness's credibility, *1089 determine whether there is a witness to rebut the alibi witness's testimony, or otherwise check its validity. Thus, a defense violation of rule 3.200 inherently prejudices the prosecution.
Rule 3.220, like the notice of alibi rule, was designed to ensure that both the state and the defense have knowledge of relevant information regarding the case and are properly prepared for trial. However, unlike the notice of alibi rule, a violation of rule 3.220 will not always result in prejudice. For that reason, rule 3.220(n) provides a choice among sanctions the court may impose for violation of the rule. After conducting a Richardson inquiry, the court can determine how severe the sanction should be based on the degree of prejudicial impact caused by the discovery violation. The notice of alibi rule does not provide a list of sanctions comparable to that in rule 3.220 because a violation of the notice of alibi rule will always result in prejudice. In contrast to rule 3.220, the notice of alibi rule limits the court to excluding the alibi evidence or waiving the requirement for good cause if the defendant fails to provide the state with the requisite notice. Because a violation of the notice of alibi rule is not completely analogous to a failure to furnish discovery information under rule 3.220, the decisional law applying to rule 3.220 is not equally applicable to the notice of alibi rule.
We also disagree with Small's general contention that the trial court's failure to allow the defendant an opportunity to show good cause for his failure to comply with rule 3.200 constitutes reversible error. Under both the statutory law and case law of this state, a judgment shall not be reversed unless the appellate court is of the opinion that the error injuriously affected the substantial rights of the appellant. § 924.33, Fla. Stat. (1991); State v. Murray, 443 So.2d 955 (Fla. 1984). Small argues that the error in this case was the trial court's failure to determine whether there was good cause sufficient to waive the requirements of rule 3.200. However, the initial error in this case actually occurred when the defense failed to notify the state about the alibi witness. The defense learned of the alibi witness during the first trial and failed to notify the state in a timely manner. Six weeks later the defendant's second trial began, and the defense again violated rule 3.200 by failing to provide the name and address of the alibi witness. To reverse the trial court's decision would allow the defense to benefit from its own mistake in failing to comply with the Florida Rules of Criminal Procedure. "[T]he notice-of-alibi rule was never intended to provide a defendant with a procedural device to escape justice." Smith v. State, 319 So.2d 14, 17 (Fla. 1975).
A Richardson inquiry "is designed to ferret out procedural prejudice occasioned by a party's discovery violation." Smith, 372 So.2d at 88. A good cause hearing, on the other hand, is designed to determine whether good cause existed to waive the requirements of the notice of alibi rule. While a trial court's failure to conduct a Richardson inquiry has been treated as per se reversible error, Smith v. State, 500 So.2d 125 (Fla. 1986), we hold that a trial court's failure to conduct a good cause hearing regarding compliance with the notice of alibi rule should be reviewed to determine whether the defendant was harmed by such failure.
We approve the district court's decision and remand the case with the directions given by the district court.
It is so ordered.
OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs with an opinion.
BARKETT, Chief Justice, concurring.
I join the majority opinion because the defense counsel in this case clearly knew of the existence of the alibi witness long before the second trial began and had ample opportunity to comply with the requirements of rule 3.200.
The record reflects that the defense counsel in Small's first trial repeatedly expressed the desire and intention to file a notice of alibi if given the opportunity. He had the opportunity when the first trial ultimately ended in a mistrial, but when the second trial began some six weeks later, the defense counsel still had not complied with rule 3.200 *1090 by providing information about the alibi witness.
Given these circumstances, it was not an abuse of discretion for the trial court to exclude Small's alibi witness without first inquiring into the circumstances surrounding his failure to comply with the rule.
NOTES
[1] Florida Rule of Criminal Procedure 3.200 reads in pertinent part:

On the written demand of the prosecuting attorney, specifying as particularly as is known to the prosecuting attorney the place, date, and time of the commission of the crime charged, a defendant in a criminal case who intends to offer evidence of an alibi in defense shall, not less than 10 days before trial or such other time as the court may direct, file and serve on the prosecuting attorney a notice in writing of an intention to claim an alibi, which notice shall contain specific information as to the place at which the defendant claims to have been at the time of the alleged offense and, as particularly as is known to the defendant or the defendant's attorney, the names and addresses of the witnesses by whom the defendant proposes to establish the alibi.
[2] Former Florida Rule of Criminal Procedure 1.220, which addressed the rules of discovery, has been renumbered as rule 3.220. Paragraph (n) of rule 3.220 provides that "[i]f, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order the party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such order as it deems just under the circumstances."