COPE, Judge.
Larry Small appeals his conviction for robbery. We reverse.
This case is before us after remand to the trial court pursuant to Small v. State, 608 So.2d 829 (Fla. 3d DCA 1992), approved, 630 So.2d 1087 (Fla.1994). Just before the start of the defendant’s robbery trial, the defense advised the court that it wished to present an alibi witness even though the defense had failed to give the ten-day notice of alibi required by Florida Rule of Criminal Procedure 3.200. The motion was denied and the alibi witness was excluded. There was a hung jury and a mistrial was declared.
Retrial was held forty days later. In the interval between the first and second trials, defense counsel did not file a notice of alibi under Rule 3.200. At the second trial the defense again sought to call the alibi witness to testify. Because no notice of alibi had been filed, the alibi witness was excluded at the second trial as well. Defendant was convicted.
Defendant appealed, contending that the exclusion of the alibi witness was a matter which required a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971). Since no Richardson hearing had been held, defendant argued that he was automatically entitled to reversal for a new trial. This court, and the Florida Supreme Court, concluded that an exclusion of a witness on account of a violation of the notice of alibi rule is not a discovery violation subject to Richardson. 630 So.2d at 1088-89; see also 608 So.2d at 829. This court ruled:
We agree with defendant’s argument that the trial court erred in refusing to permit his alibi witness to testify without first giving the defendant an opportunity to show good cause why defendant failed to comply with Florida Rule of Criminal Procedure 3.200. That rule requires a defendant offering an alibi witness to furnish to the prosecuting attorney, at least ten days before trial, notice of his intent to call such witness, as well as the witness’ name and address, so that the state may depose the witness prior to trial. Rule 3.200 was specifically designed to timely afford the state an opportunity to learn the nature of the alibi and to proceed with discovery if needed. However, the rule specifically provides, “[f]or good cause shown the court may waive the requirements of this rule.”
We find the instant case to be much like Barnes v. State, 294 So.2d 679 (Fla. 2d DCA 1974), where the court held that exclusion of testimony of defendant’s alibi witness without first inquiring into circumstances surrounding his failure to comply with rule 3.200 was an abuse of discretion. See also Pelham v. State, 567 So.2d 537 (Fla. 2d DCA 1990); Bell v. State, 287 So.2d 717 (Fla. 2d DCA 1974).
Accordingly, we temporarily remand the case to the trial court with directions that a hearing be held to determine whether or not good cause existed to waive the requirements of rule 3.200. If the trial court determines that good cause has been shown, defendant’s conviction and sentence should be vacated and a new trial ordered. Such order will be immediately transmitted to this court so this appeal may be closed. If, however, the trial court determines that no good cause is shown, the court will transmit back to this court the entire record, including a transcript of the hearing on the surrounding circumstances regarding the defendant’s failure to comply with the rule and a copy of the court’s order.
Remanded with directions. *132 608 So.2d at 829. On review the Florida Supreme Court approved this court’s decision and remanded “the case with the directions given by the district court.” 630 So.2d at 1089.
On remand a successor judge conducted hearings to review the circumstances which had unfolded at the first and second trials. At the first trial, when defense counsel requested leave to offer the alibi defense, the trial court initially took the matter under advisement. During the first trial, the defense brought the alibi witness to court. The trial judge ruled that the witness would not be allowed on account of the late alibi notice, but allowed the defense to proffer her testimony for the record. In open court the witness was placed under oath, and gave her name, current address, and previous address. A proffer of her alibi testimony was given. The State was offered an opportunity to cross-examine on the proffer but declined to do so. The first trial went forward without the alibi witness, and the trial ended with a hung jury.
At the outset of the second trial the State objected to the same alibi witness. There had been no written notice of alibi filed between the first and second trials. Without the court conducting inquiry as to the circumstances, the alibi witness was again excluded.
In the proceedings below the court inquired about the reason for the lack of written alibi notice prior to the second trial. Defense counsel indicated that he did not file a written notice of alibi between the first and second trials because, having brought the alibi witness into open court and having placed her name, address, and proposed testimony on the record, he did not think it was necessary to file a written notice. The trial court took the view that defense counsel was at fault for failing to file the required written notice. He ruled that good cause had not been shown to waive the requirements of Rule 3.200, and returned the matter to this court for further proceedings.
We must respectfully disagree with the trial court’s ultimate conclusion. The general principles applicable here were summarized in Fedd v. State, 461 So.2d 1384 (Fla. 1st DCA 1984):
Florida Rule of Criminal Procedure 3.200 provides in part that a criminal defendant “who intends to offer evidence of an alibi in his defense shall ... file and serve ... a notice in writing;” upon the written demand of the prosecuting attorney. In the event such alibi notice is not served, “the court may exclude evidence offered by such defendant for the purpose of providing an alibi, except the testimony of the defendant himself.” A similar sanction may be imposed upon the prosecution for failure to file or serve a list of witnesses on the defendant. Exclusion is not mandatory — “[f]or good cause shown the court may waive the requirements of this rule.” The rule was not intended for suppression of evidence. A trial is a quest for truth, and “[i]n a system in which the search for truth is the principal goal, the severe sanction of witness exclusion for failure to timely comply with the rules of procedure should be a last resort and reserved for extreme or aggravated circumstances.” Austin v. State, 461 So.2d 1380 (Fla. 1st DCA 1984)_ A trial judge must do more than simply ascertain that a discovery rule has been violated. The inquiry must involve a determination of whether the violation resulted in substantial prejudice to the opposing party. A failure to conduct such an inquiry constitutes error.
This record demonstrates that the trial court excluded the testimony of appellant’s witnesses solely because defense counsel had violated the notice of alibi rule. The trial court did not inquire into the possible prejudice to the state if the witnesses were permitted to testify, nor did the trial court explore reasonable alternatives to the drastic remedy of exclusion, in an effort to mitigate any possible prejudice.
Id. at 1385 (citations omitted). See also Briseno v. State, 449 So.2d 312 (Fla. 5th DCA 1984); Bell v. State, 287 So.2d at 718. See generally 14A Fla.Jur.2d Criminal Law § 1468 (1993).
Applying those principles to this case, we conclude that good cause was shown to waive the requirements of the Rule. Under Rule 3.200, the notice of alibi “shall contain specific information as to the place at which the *133 defendant claims to have been at the time of the alleged offense and, as particularly as is known to the defendant or the defendant’s attorney, the names and addresses of the witnesses by whom the defendant proposes to establish the alibi.” Fla.R.Crim.P. 3.200. Here, the substance of the required information was all set forth in the proffer which took place in open court. The State was thereby given all of the information which would have been included in the written notice required under Rule 3.200. Furthermore, this was not a case of a precautionary notice of alibi filing where the defense had not yet made up its mind whether to assert an alibi defense; here, the defense specifically sought to call the alibi witness during the first trial.
We agree with the trial court that defense counsel should have filed a written notice of alibi prior to the second trial. However, defense counsel had at least a plausible (even if mistaken) explanation that he did not think the notice was necessary. Since the requisite information had been supplied to the State in open court and the defense intention to call the witness had been made quite clear, and since the State has been unable to make any plausible showing of prejudice, we conclude that the drastic remedy of exclusion of the alibi witness was not warranted. In accordance with the terms of this court’s earlier opinion, the conviction and sentence are reversed and the cause remanded for a new trial.
Reversed and remanded.