SHEPHERD, J.
 

 Andrew Foster appeals his convictions on charges of first-degree murder, attempted second-degree murder, armed burglary, use of a firearm during commission of a felony, and possession of a firearm by a convicted felon. We find merit in Foster’s contention that the trial court reversibly erred by precluding him from calling alibi witnesses on the basis that Foster’s Notice of Alibi failed to comply with Florida Rule of Criminal Procedure 3.200, and accordingly reverse and remand this case for a new trial. A brief recounting of the relevant facts is necessary to explain our decision.
 

 FACTS
 

 Foster’s criminal case was pending in the circuit court for over three years at the time the matter proceeded to trial. Approximately a year and a half prior to the start of trial, the defendant provided the
 
 *114
 
 State with its Notice of Alibi. The notice reads as follows:
 

 NOTICE OF ALIBI
 

 The Defendant, Andrew Foster, pursuant to Rule 3.200 of the F.R.Cr.P. gives notice of alibi and would state as follows:
 

 1. At the time of the alleged offense, the defendant was in the company of Behyah Chandler, 12804 SW 31st Street, Miramar, FL 33027.
 

 2. The names of (sic) the addresses of the witnesses by whom the defendant proposes to establish the alibi are as follows:
 

 a) James Lee Briggs, III 161 NW 38th Avenue Miami, Florida
 

 b) Darrell Bridges c/o Alan R. Soven, Esq. 1571 NW 13th Court Miami, FL 33125
 

 c) Brandon Duhart c/o Alan R. Soven, Esq. 1571 NW 13th Court Miami, FL 33125
 

 d) Patrick Jenkins c/o Alan R. Soven, Esq. 1571 NW 13th Court Miami, FL 33125
 

 e) William Jenkins 1625 NW 39 Court Miami, Florida
 

 The filing of the notice did not prompt any action by the State prior to trial. The assistant state attorney assigned to the case at the time of trial, the fifth in a line of those assigned, was not the assigned attorney to the case at the time the notice was filed. It appears he discovered the notice during the presentation of his case, at which time he demanded in open court that defense counsel produce the witnesses for deposition. The trial court responded by ordering the defense to use its best efforts to produce the witnesses for deposition during a one-day recess, planned for the following day. When defense counsel’s efforts failed, the State moved to strike the witnesses, arguing the Notice of Alibi did not comply with the requirements of Rule 3.200. At the hearing on the motion, the defense withdrew its intent to call three of the witnesses: Briggs, Duhart and William Jenkins. After further argument, the trial court granted the State’s motion to strike the remaining witnesses, finding the notice violated Rule 3.200. At the conclusion of the State’s case, the defense rested without presenting any evidence.
 

 ANALYSIS
 

 Florida Rule of Criminal Procedure 3.200 (2003) reads as follows in relevant part:
 

 Notice of Alibi
 

 On written demand of the prosecuting attorney, ... a defendant in a criminal case who intends to offer evidence of an alibi in defense shall, not less than 10 days before trial or such other time as the court may direct, file and serve on the prosecuting attorney a notice in writing of an intention to claim an alibi, which notice shall contain specific information as to the place at which the defendant claims to have been at the time of the alleged offense and as particularly as is known to the defendant or the defendant’s attorney, the names and addresses of the witnesses by whom the defendant proposes to establish the alibi.
 

 (Emphasis added). The rule further provides for sanctions for noncompliance, as well as a mechanism by which a trial court may waive those sanctions, stating:
 

 
 *115
 
 If the notice is given by a defendant, the court may exclude the testimony of any witness offered by the defendant for the purpose of proving an alibi if the name and address of the witness as particularly as is known to the defendant or the defendant’s attorney is not stated in the notice ... For good cause shown the court may waive the requirements of this rule.
 

 Id.
 
 (emphasis added).
 

 The State made three arguments below in support of its motion to strike the listed witnesses: (1) alibi witness, Behyah Chandler, should have been listed in paragraph two of the notice instead of paragraph one; (2) the defense violated the rule by listing defense counsel’s address as the address for the witnesses, Bridges and Patrick Jenkins; and (3) the defense failed to produce the witnesses for deposition. As to the witness Chandler, the defense acknowledged, in light of circuit custom that paragraph one of a Notice of Alibi ordinarily is reserved for the “place of alibi” and “the addresses of the witnesses by whom the defendant proposes to establish the alibi” are customarily placed in a second paragraph, the notice may have been “inartfully drawn.” As to the remaining two witnesses, Bridges and Patrick Jenkins, whose addresses are listed as that of defense counsel, counsel stated he used this protocol because the witnesses were too fearful to disclose their true addresses. Although defense counsel had telephone numbers for these witnesses, there is no evidence these two witnesses gave defense counsel their respective addresses. Finally, the defense noted that not only did the State fail to take any action to discover the knowledge of these witnesses during the eighteen months before the commencement of the trial, it also failed to take any step to seek better addresses for any of these witnesses. After hearing argument, the trial court excluded the testimony of Behyah Chandler, finding that portion of the notice to be “intentionally misleading.” It excluded the testimony of the remaining two alibi witnesses, Bridges and Patrick Jenkins, on the ground that listing the addresses in care of defense counsel “kind of puts the State at a disadvantage” and also caused the State prejudice.
 

 The Florida Supreme Court has established a two-step analysis to determine whether a trial court properly excluded defense witnesses pursuant to Rule 3.200:(1) whether there was in fact a violation of the rule, and (2) if so, whether good cause exists to waive the noncompliance.
 
 Small v. State,
 
 630 So.2d 1087, 1089 (Fla.1994).
 
 [1]
 
 This case is resolvable on the first step of the analysis.
 

 On this step, we begin by noting that the Notice of Alibi was timely filed and served. Second, whatever may be the custom among those who labor before the bar in the criminal division of the Eleventh Judicial Circuit, the State cannot credibly assert, based upon the Notice of Alibi filed in this case, that it would not see Behyah Chandler called as a witness at trial. In fact, the content of the notice suggests defense counsel might well be ineffective if he did not call her. Finally, it is noteworthy, albeit not legally significant in this case because our supreme court has said that prejudice is not a factor to be considered in a compliance examination made under Rule 3.200,
 
 see id.,
 
 the police report contained Behyah Chandler’s name, address and personal information, and law
 
 *116
 
 enforcement officers had obtained a sworn statement from her prior to the filing of the charges in the case, including her assertion that Foster was with her, at her home, on the date of the offense.
 

 Finally, there is no record evidence to demonstrate the addresses provided for any of the witnesses listed in the Notice of Alibi were anything less than “as particularly as is known to the defendant or the defendant’s attorney.”
 
 See
 
 Fla. R.Crim. P. 3.200. In the criminal underworld, witnesses might have good reason to be chary about disclosing where they may be found. We observe the Office of the State Attorney sometimes is faced with the same difficulty. As previously stated, there is no evidence defense counsel had physical addresses for Bridges and Patrick Jenkins.
 
 [2]
 
 The fact that defense counsel gave addresses for half the individuals listed in the notice and his office address for the other half suggests a lack of legerdemain. Accordingly, we find the trial court reversibly erred by denying Foster his right to call these two witnesses as well.
 

 Reversed and remanded for a new trial.
 

 [1]
 

 . We hasten to add that, unlike the procedure required to be followed where a violation of a rule of discovery has occurred in a criminal proceeding,
 
 see Richardson v. State,
 
 246 So.2d 771 (Fla.1971), the failure of a trial court to afford a defendant a second-prong "good cause” hearing in the event of noncompliance with Rule 3.200 does not constitute reversible error per se.
 
 Small,
 
 630 So.2d at 1089.
 

 [2]
 

 . Of course, in such a case, counsel who provides his office address as the address of the witness must produce the witness for discovery upon a timely demand.