DAMOORGIAN, J.
 

 Michael Martin appeals his conviction and sentence for sexual battery, raising five issues for our consideration. We write only to address Martin’s argument that the trial court erred in striking his alibi witnesses, and reverse and remand for a new trial on this issue alone. We find no merit to Martin’s remaining arguments.
 

 Martin was charged by information with sexual battery and burglary with a battery. At trial, Martin’s counsel notified the court for the first time, before and during voir dire, that he had two alibi witnesses to call, neither of whom was listed in his witness list previously furnished to the State. The witnesses were Martin’s girlfriend and his girlfriend’s mother. The State objected, arguing that it would be prejudiced if the alibi witnesses were permitted to testify at trial. The trial court, however, sought to move forward and finish voir dire before addressing this issue.
 

 When voir dire finished, a discussion ensued between the trial court and Martin’s counsel, where the court questioned counsel if there was any good cause why it should waive the requirements of Florida Rule of Criminal Procedure 3.200 (“Notice of Alibi”)
 
 [1]
 
 and permit Martin’s two witnesses to testify. Martin’s counsel responded by stating that Martin was facing life in prison for his charged crimes. The trial court struck the witnesses, finding no good cause to waive the requirements of rule 3.200. The court further found that the State was inherently prejudiced and that the violation of rule 3.200 was not a discovery violation requiring a Richardson
 
 [2]
 
 hearing.
 

 A trial court’s exclusion of alibi witnesses under rule 3.200 is subject to review for abuse of discretion.
 
 See Armstrong v. State,
 
 931 So.2d 187, 196 (Fla. 5th DCA 2006). On appeal, Martin argues that the State never made a written demand for a notice of alibi under rule 3.200, and therefore, he was not required to turn over the notice to the State. Accordingly, Martin contends that the trial court erred in excluding his two alibi witnesses under
 
 *1102
 
 rule 3.200. In response, the State contends that Martin did not raise his arguments before the trial court, and thus, the arguments are not preserved for review by this court.
 

 After analyzing the record, there is no evidence that the State filed a written demand on Martin for a notice of alibi. Without a written demand, Martin was not required to follow the requirements of rule 3.200 and to provide the State with a notice of alibi.
 
 See
 
 Fla. R.Crim. P. 3.200. Although Martin did not raise his arguments below, rule 3.200 is for the benefit of the State, and thus, the State cannot take advantage of the requirements of rule 3.200 to the defendant’s detriment when it has failed to comply with the rule’s initial mandate by failing to file a written demand for a notice of alibi. Therefore, the trial court abused its discretion in excluding Martin’s alibi witnesses because it was not authorized to exclude the witnesses under rule 3.200.
 
 See id.
 

 However, even though Martin did not violate the requirements of rule 3.200, he participated in discovery and was thus required, under Florida Rule of Criminal Procedure 3.220(d)(1)(A), to furnish to the State a written list of
 
 all
 
 witnesses he expects to call at trial. A discovery violation under rule 3.220(d)(1)(A) for failing to disclose a witness obligates the trial court to conduct a
 
 Richardson
 
 hearing before deciding to permit or exclude the witness from testifying.
 
 See Jones v. State,
 
 32 So.3d 706, 710-11 (Fla. 4th DCA 2010) (stating that the trial court is required to conduct a
 
 Richardson
 
 hearing when it learns of a discovery violation even if the defendant does not request the hearing);
 
 Lewis v. State,
 
 22 So.3d 753, 757 (Fla. 4th DCA 2009);
 
 Comer v. State,
 
 730 So.2d 769, 774 (Fla. 1st DCA 1999) (“Clearly, the
 
 Richardson
 
 requirements apply also where the defense committed the discovery violation.” (citing
 
 Brazell v. State,
 
 570 So.2d 919, 921 (Fla.1990))).
 

 In
 
 Small v. State,
 
 630 So.2d 1087, 1089 (Fla.1994), the Florida Supreme Court articulated the critical differences between rule 3.200 and rule 3.220, and the trial court’s requirement to conduct a
 
 Richardson
 
 hearing only for a rule 3.220 violation:
 

 Rule 3.220, like the notice of alibi rule, was designed to ensure that both the state and the defense have knowledge of relevant information regarding the case and are properly prepared for trial. However,
 
 unlike
 
 the notice of alibi rule, a violation of rule 3.220 will not always result in prejudice. For that reason, rule 3.220(n) provides a choice among sanctions the court may impose for violation of the rule. After conducting a
 
 Richardson
 
 inquiry, the court can determine how severe the sanction should be based on the degree of prejudicial impact caused by the discovery violation. The notice of alibi rule does not provide a list of sanctions comparable to that in rule 3.220 because a violation of the notice of alibi rule will always result in prejudice. In contrast to rule 3.220, the notice of alibi rule limits the court to excluding the alibi evidence or waiving the requirement for good cause if the defendant fails to provide the [Sjtate with the requisite notice. Because a violation of the notice of alibi rule is not completely analogous to a failure to furnish discovery information under rule 3.220, the decisional law applying to rule 3.220 is not equally applicable to the notice of alibi rule.
 

 Because Martin failed to include his two alibi witnesses in his witness list furnished to the State under rule 3.220(d)(1)(A), the trial court was required to conduct a
 
 Richardson
 
 hearing for this discovery violation.
 
 See Jones,
 
 32 So.3d at 710-11;
 
 Lewis, 22
 
 So.3d at 757;
 
 Comer,
 
 730 So.2d at 774.
 
 *1103
 
 The trial court erred in failing to do so.
 
 See Comer,
 
 730 So.2d at 774-75 (holding that the trial court’s exclusion of the defendant’s sole witness without conducting a
 
 Richardson
 
 hearing was error, since the issue of prejudice to the State was not addressed by the court);
 
 see also Fabregas v. State,
 
 829 So.2d 238, 241 (Fla. 3d DCA 2002) (concluding that the exclusion of a defendant’s rebuttal expert was too severe a remedy, even though the State was prejudiced, because the evidence was relevant and the trial court did not consider any other alternative to exclusion).
 

 However, the failure to conduct an adequate
 
 Richardson
 
 hearing is subject to harmless error analysis.
 
 Dawson v. State,
 
 20 So.3d 1016, 1022 n. 5 (Fla. 4th DCA 2009) (citing
 
 Comer,
 
 730 So.2d at 775). In
 
 State v. Schopp,
 
 653 So.2d 1016, 1020 (Fla.1995), the Florida Supreme Court provided the following guidance in determining whether a
 
 Richardson
 
 violation was harmless error:
 

 In determining whether a
 
 Richardson
 
 violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant’s trial preparation or strategy would have been materially different had the violation not occurred.
 

 In this case, the trial court excluded Martin’s only two witnesses supporting his alibi defense. At trial, Martin proffered the testimony of his girlfriend, which revealed that Martin was at his girlfriend’s home with the girlfriend’s mother on the night he was alleged to have committed the charged crimes. Under the court’s standard in
 
 Schopp,
 
 we cannot say that the trial court’s error in failing to conduct a
 
 Richardson
 
 hearing was harmless beyond a reasonable doubt.
 
 See M.N. v. State,
 
 724 So.2d 122, 124 (Fla. 4th DCA 1998) (holding that the trial court’s exclusion of the defendant’s sole witness without a
 
 Richardson
 
 inquiry was not harmless beyond a reasonable doubt). Accordingly, we reverse Martin’s conviction and remand for a new trial on his sexual battery charge.
 

 Reversed and Remanded.
 

 FARMER and LEVINE, JJ., concur.
 

 [1]
 

 . Florida Rule of Criminal Procedure 3.200 provides, in part, that, on the written demand of the State, a defendant who intends to present an alibi defense must provide the State with a notice of alibi containing, among other things, a list of alibi witnesses. Rule 3.200 permits the trial court to waive the requirements of the rule for good cause. Fla. R.Crim. P. 3.200.
 

 [2]
 

 .
 
 Richardson v. State,
 
 246 So.2d 771, 775 (Fla. 1971). Under
 
 Richardson,
 
 a trial court must determine "(1) whether [a] discovery violation was willful or inadvertent; (2) whether it was trivial or substantial; and (3) whether it had a prejudicial effect on the opposing party's trial preparation.”
 
 McDuffie v. State,
 
 970 So.2d 312, 321 (Fla.2007) (citing
 
 Richardson,
 
 246 So.2d at 775).