DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY MCINTYRE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-1230

[June 15, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. 14-1483 CF10A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, C.J.

Anthony McIntyre appeals his conviction for the lesser included offense of attempted second-degree murder with a firearm. He raises three issues on appeal, none of which we find have merit. However, we write to address McIntyre's contention that his alibi witness was improperly excluded.

After the state charged McIntyre with attempted first-degree murder, the state filed its demand for notice of alibi, pursuant to Florida Rule of Criminal Procedure 3.200.

The case proceeded to trial upon McIntyre's speedy trial demand. After the victim testified, defense counsel inquired whether the state would object to allowing McIntyre's cousin, "Mr. Caesar," to testify that McIntyre was not at the crime scene but rather at his Broward County apartment at the time of the offense. Defense counsel explained: "I know it's a late thing to do, but he has been talking to me about that on the phone this morning and the phone late yesterday. Sorry I didn't bring it up sooner. He wants me to make a proffer about that."

The trial court observed that the parties were "halfway through the trial," and chided, "You can't all of a sudden raise an alibi defense for the first time in the middle of trial when the state has already given opening statement and the defense has already given their opening statement."

On appeal, McIntyre argues the court erred in excluding his witness without first conducting an inquiry and exploring alternatives to exclusion. "A trial court's exclusion of alibi witnesses under rule 3.200 is subject to review for abuse of discretion." *Martin v. State*, 41 So. 3d 1100, 1101 (Fla. 4th DCA 2010).

Florida Rule of Criminal Procedure 3.200 provides the following in pertinent part:

> On the written demand of the prosecuting attorney, specifying as particularly as is known to the prosecuting attorney the place, date, and time of the commission of the crime charged, a defendant in a criminal case who intends to offer evidence of an alibi in defense shall, not less than 10 days before trial or such other time as the court may direct, file and serve on the prosecuting attorney a notice in writing of an intention to claim an alibi, which notice shall contain specific information as to the place at which the defendant claims to have been at the time of the alleged offense and, as particularly as is known to the defendant or the defendant's attorney, the names and addresses of the witnesses by whom the defendant proposes to establish the alibi. . . . Both the defendant and the prosecuting attorney shall be under a continuing duty to promptly disclose the names and addresses of additional witnesses who come to the attention of either party subsequent to filing their respective witness lists as provided in this rule. If a defendant fails to file and serve a copy of the notice as herein required, the court may exclude evidence offered by the defendant for the purpose of providing an alibi, except the defendant's own testimony. . . . For good cause shown the court may waive the requirements of this rule.

Fla. R. Crim. P. 3.200. This rule is distinct from Florida Rule of Criminal Procedure 3.220, which governs discovery. The Florida Supreme Court has elaborated on the difference in the manner in which alleged violations of these two rules are treated:

2

Although the two rules share the same rationale, to eliminate surprise at trial, the notice of alibi rule is not a discovery rule. Rule 3.200 also diminishes the opportunity of presenting manufactured false alibis. Under the ten-day notice requirement, the state is at least advised of the existence of the alibi and has the option of investigating it. If the state goes to trial without this notice, it does not have the opportunity to depose the alibi witness, determine the witness's credibility, determine whether there is a witness to rebut the alibi witness's testimony, or otherwise check its validity. Thus, a defense violation of rule 3.200 inherently prejudices the prosecution.

Rule 3.220, like the notice of alibi rule, was designed to ensure that both the state and the defense have knowledge of relevant information regarding the case and are properly prepared for trial. However, *unlike* the notice of alibi rule, a violation of rule 3.220 will not always result in prejudice. For that reason, rule 3.220(n) provides a choice among sanctions the court may impose for violation of the rule. After conducting a *Richardson* inquiry,[1] the court can determine how severe the sanction should be based on the degree of prejudicial impact caused by the discovery violation. The notice of alibi rule does not provide a list of sanctions comparable to that in rule 3.220 because a violation of the notice of alibi rule will always result in prejudice. In contrast to rule 3.220, the notice of alibi rule limits the court to excluding the alibi evidence or waiving the requirement for good cause if the defendant fails to provide the state with the requisite notice. Because a violation of the notice of alibi rule is not completely analogous to a failure to furnish discovery information under rule 3.220, the decisional law applying to rule 3.220 is not equally applicable to the notice of alibi rule.

. . . .

A *Richardson* inquiry "is designed to ferret out procedural prejudice occasioned by a party's discovery violation." A good cause hearing, on the other hand, is designed to determine whether good cause existed to waive the requirements of the notice of alibi rule. While a trial court's

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

> failure to conduct a *Richardson* inquiry has been treated as per se reversible error, we hold that a trial court's failure to conduct a good cause hearing regarding compliance with the notice of alibi rule should be reviewed to determine whether the defendant was harmed by such failure.

*Small v. State*, 630 So. 2d 1087, 1088-89 (Fla. 1994) (emphasis in original) (footnote added) (internal citations omitted).

Citing to *Small*, this court found no error where a trial court struck defense alibi witnesses disclosed on the first day of trial after the trial court found the appellant had not shown good cause to waive the requirements of Rule 3.200. *Ramsaran v. State*, 664 So. 2d 1106, 1106-07 (Fla. 4th DCA 1995).[2]

Here, the state demanded a notice of alibi, and McIntyre did not comply with the requirements of rule 3.200.

McIntyre did not offer the trial court any reason for his failure to comply with rule 3.200. Thus, the court had no basis upon which to waive McIntyre's compliance with the notice of alibi rule. There is no indication in the trial transcript that McIntyre was prevented from offering grounds for his noncompliance. We find that McIntyre was not harmed by the court's failure to conduct a good cause hearing where it is apparent that he had no good cause to offer.

*Affirmed.*

TAYLOR and MAY, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] This is not a case where the state did not demand a notice of alibi. In such a case, and where the defendant participates in discovery, the failure to disclose an alibi witness triggers the need for a *Richardson* hearing. *Martin*, 41 So. 3d at 1102.