DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIAN K. SMITH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3076

[November 6, 2019]

CORRECTED OPINION

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312015CF001430B.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant was convicted for multiple offenses associated with his robbery of a supermarket. He now raises three issues on appeal. We write to address two of Appellant's arguments; the third is affirmed without discussion. First, we conclude the trial court did not fail to conduct an adequate *Richardson*[1] hearing into the State's discovery violation to determine procedural prejudice to Appellant. Second, we conclude that when the trial court instructed the jury on the lesser-included offense of false imprisonment, it did not reversibly err in including restraint as an element of the offense. Accordingly, the trial court's judgment and sentence are affirmed.

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

## Background

About ten minutes before the supermarket closed, Appellant stormed into the store, armed with a semiautomatic pistol and carrying a black backpack. He pointed the pistol at the five people inside the store and directed them to place their phones on the floor and go into the store's cash office, before closing the door behind them. Inside the cash office, he directed the store manager to open the safe and put its contents (about $3,000) into the black backpack.

Appellant then took the black backpack, directed the victims to stay inside the cash office for at least five minutes after he left, closed the door to the cash office and ran out of the store. As he ran through the parking lot, he encountered a store employee arriving for work. At gunpoint, he ordered the employee into the store. Shortly thereafter, the victims emerged from the cash office and called 911 to report the robbery. By this time, Appellant had driven off. In response to the 911 call, police were alerted about the robbery and pursued Appellant's truck through local and neighborhood roads, before apprehending him.

The State ultimately charged and tried Appellant for robbery with a deadly weapon while wearing a mask; six counts of kidnapping while armed and masked; and fleeing and eluding. He was tried separately for possession of a firearm by a convicted felon.

*A. The State's alleged discovery violation*

At trial, the primary issue was identity—whether Appellant was the robber. In preparation for trial, the State prepared two map diagrams ("the maps") illustrating the flight route which Appellant took in his attempt to evade the police. The maps also depicted the locations of various items, such as the gun and the backpack filled with money, which had been found along the flight route. Although the maps were prepared before trial and the State intended to use the maps in presenting its case, the State did not disclose the maps to the defense during discovery.

The defense claimed that the State's failure to disclose the maps constituted a discovery violation. Specifically, it asserted that the State had violated Florida Rule of Criminal Procedure 3.220(b)(1)(K), which requires the State to disclose, within 15 days after service of the notice of discovery, any tangible papers or objects intended for use at trial that are not obtained from or do not belong to the defendant, so that the defense may inspect, copy, test or photograph the material. In response, the State

argued that the maps simply memorialized what was already in discovery, and therefore, the maps could not be prejudicial.

The trial court held a *Richardson* hearing and ruled that the State's nondisclosure of the maps was inadvertent and trivial, and that the nondisclosure was not an attempt to hide anything from the defense because the maps were "just a culmination and a demonstrative aid of" evidence the defense had already received. Ultimately, the court allowed the State to use both maps in its case in chief, subject to the defense's ability to cross-examine the officers testifying on the underlying information. The maps were admitted into evidence without further defense objection.

*B. Appellant's false imprisonment charges*

The information initially charged Appellant with, among other things, six counts of kidnapping on the theory that he "did unlawfully and forcibly, secretly or by threat, confine, abduct or imprison" the victims in the cash office. At the close of the evidence, the trial court granted Appellant's motion for judgment of acquittal on the kidnapping charges on the basis that the State had not presented sufficient evidence to support a finding of kidnapping. Instead, the court instructed the jury on the lesser-included offense of false imprisonment, correctly noting that false imprisonment is established if the jury finds the defendant "forcibly, secretly, or by threat, confined, abducted, imprisoned or restrained the victims." The jury returned a general verdict, finding Appellant guilty on all five counts of false imprisonment.

**Analysis**

*A. Adequacy of the Trial Court's Richardson Hearing*

On appeal, Appellant maintains that, although the trial court conducted a *Richardson* hearing into the State's purported discovery violation, the hearing was inadequate because it failed to determine whether the violation procedurally prejudiced his defense.

"A *Richardson* hearing is required when there is a possible discovery violation in order to flesh out whether there has indeed been a discovery violation." *Thomas v. State*, 63 So. 3d 55, 59 (Fla. 4th DCA 2011). This requirement applies "even if the defendant does not request a *Richardson* hearing." *Jones v. State*, 32 So. 3d 706, 710-11 (Fla. 4th DCA 2010) (internal citation omitted). However, "it is only *after* the trial court finds a discovery violation" that it must inquire into whether the State's discovery

3

violation was (1) inadvertent or willful, (2) trivial or substantial, and (3) whether it procedurally prejudiced the opposing party's ability to prepare for trial. *Knight v. State*, 76 So. 3d 879, 887-88 (Fla. 2011) (emphasis added); *Goldsmith v. State*, 182 So. 3d 824, 827-28 (Fla. 4th DCA 2016); *Brown v. State*, 165 So. 3d 726, 728-29 (Fla. 4th DCA 2015); *Martin v. State*, 41 So. 3d 1100, 1101 (Fla. 4th DCA 2010). Thus, a trial court is not required to conduct a *Richardson* hearing where it has not first determined that a discovery violation has occurred. *See Knight*, 76 So. 3d at 888.

Here, it appears the trial court had difficulty finding the maps were discovery because, although prepared for use at trial, the maps were merely "demonstrative of the . . . physical evidence and the statements and everything [the State] had already disclosed to the [Appellant]." "It is well settled that the use of demonstrative devices to aid the jury's comprehension is well within the court's discretion." *Lowe v. State*, 259 So. 3d 23, 40 (Fla. 2018) (internal quotations omitted). "Demonstrative aids may be used when they are 'relevant to the issues in the case' and 'constitute an accurate and reasonable reproduction of the object involved.'" *Id.* (quoting *Brown v. State*, 550 So. 2d 527, 528 (Fla. 1st DCA 1989).

Here, the State used the maps at trial to supplement prosecution witness testimony, and to help the jury visualize Appellant's flight route and specific locations along that route where various items of evidence were found. There is nothing to suggest the maps inaccurately represented the flight route, or the locations of the evidence.

Even assuming a *Richardson* hearing was required, we see no conceivable prejudice to Appellant with respect to his trial preparation or strategy. *See Ferrari v. State*, 260 So. 3d 295, 311-12 (Fla. 2018) ("[A] discovery violation is subject to a harmless error analysis. A *Richardson* violation is harmless error only if an appellate court can determine, beyond a reasonable doubt, that the defense was not procedurally prejudiced.") (internal citations and quotation marks omitted); *Lowe*, 259 So. 3d at 40. Again, as the trial court noted, the maps were simply "demonstrative of the evidence and the physical evidence and the statements and everything they have that they disclosed."

Therefore, the trial court did not abuse its discretion in allowing the State to use the maps during the presentation of its case.

*B. The False Imprisonment Instruction*

Appellant argues the trial court erred in instructing the jury that it could find him guilty of false imprisonment if it believed he "restrained" the victims. Appellant submits that this was error because he was charged in the information with kidnapping, an offense that does not include "restraint" as an element.

Appellant did not object to the jury instructions at trial, either during the charge conference on jury instructions or during the review of the verdict form. Therefore, Appellant may now raise the issue of jury instructions on appeal only if fundamental error occurred. § 924.051(3), Fla. Stat.; *Taylor v. State*, 62 So. 3d 1101, 1119 (Fla. 1991). Fundamental error is error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error. *Woods v. State*, 95 So. 3d 925, 927 (Fla. 2012).

To determine whether a fundamental error has occurred, the appellate court reviews the claim de novo, considering the error's effect in the context of the evidence presented at trial and counsel's arguments and strategies. *Id.* at 927. When the jury instruction misstates or fails to instruct on an element of a crime, the error is fundamental only where the element was in dispute at trial, and the error is pertinent or material to what the jury must consider in order to convict. *Reed v. State*, 837 So. 2d 366 (Fla. 2002); *State v. Delva*, 575 So. 2d 643, 645 (Fla. 1991) ("Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error. . .").

Similarly, a jury instruction that erroneously includes an element that the State neither argued nor presented evidence to support is not fundamental error because it is not in dispute. *State v. Weaver*, 957 So. 2d 586, 588-89 (Fla. 2007) ("As with the omission of an element of the offense that is not contested, the erroneous inclusion of an element that the State concedes does not apply, and concerning which it presents no evidence, is not 'pertinent or material to what the jury must consider in order to convict.'"). In other words, improperly including an additional element not initially charged is not fundamental error if the element of the offense is not in dispute at trial *or material to the jury's consideration.* Such an error does not reach down into the validity of the trial itself. *Id.* at 589.

Appellant implies that, as a per se rule, instructing the jury on an additional element automatically constitutes fundamental error. However, this court and the Florida Supreme Court have repeatedly held otherwise. *See, e.g., Weaver*, 957 So. 2d at 588-89; *Battle v. State*, 911 So. 2d 85, 89 (Fla. 2005); *Delva,* 575 So. 2d at 644-5; *Abbott v. State*, 958 So. 2d 1140,

1142 (Fla. 4th DCA 2007).  In *Weaver*, the Florida Supreme Court explained "when the jury is erroneously instructed on an element that was not charged, but on which the State never relied and on which it offered no evidence," there is no fundamental error, as the Court is "confident" that the jury's verdict would be based "on the elements on which the State actually presented evidence, on which the State based its arguments, and which the defendant contested at trial."  957 So. 2d at 589 (internal citations omitted).

Similarly, in the instant case, while Appellant was entitled to a jury instruction on the confinement, abduction and imprisonment elements of false imprisonment, the inclusion of "restraint" as an element of false imprisonment did not constitute fundamental error under the circumstances of this case.  Appellant conceded that the primary issue at trial was whether he was the robber in the store.  Furthermore, there was no evidence to refute the victims' testimony that Appellant had *confined* the victims in the cash office.  A critical determination in fundamental error analysis is whether the erroneous instruction pertained to a disputed element.  Here, it did not.  Thus, we find no fundamental error.

### Conclusion

Assuming a *Richardson* inquiry was required with respect to the admission of the maps into evidence, it appears the trial court conducted a sufficient inquiry and we see no conceivable prejudice to Appellant.  We further find no fundamental error with respect to the trial court's including restraint as an element of false imprisonment in the jury instructions, because whether Appellant "restrained" or "confined" the victims was not at issue at trial.  On all issues addressed by Appellant's appeal, we affirm.

*Affirmed.*

TAYLOR and MAY, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

6